## A. PORTERFIELD v. E. W. TAYLOR.

(Case No. 1520.)

1. VENDOR AND VENDEE.— The right of a vendor to subject the land to the payment of purchase money in the hands of a subsequent vendee is not affected by the fact that a lien is not reserved in the deed, if it recites the fact that notes had been given for the purchase money. Peters *v.* Clements, 52 Tex., 140, approved.

2. PLEADING — NEW CAUSE OF ACTION.— A change in the relief sought, or the addition of a prayer for farther or alternative relief, does not amount to the setting up of a new cause of action.

3. LIMITATION.— The holder of purchase money notes, to secure which a lien was reserved in the deed, brought suit thereon in 1873, the notes having been executed before 1861 and maturing during the suspension of the statute of limitations in 1863. No limitation began to run against the holder until March 30, 1870, and it required the lapse of four years from that time to bar an action by the holder to foreclose his lien on the land. The holder of the notes could sue both the maker and the vendee of the maker in one suit, or bring a separate suit against the subsequent vendee, within the same period of time, to subject the land to the payment of notes given by his vendor.

4. EVIDENCE.— The date of the issuance of an execution may be shown by the records of the clerk's office from which it issued, and any mistake in such date may be shown by the clerk.

5. SAME.— The contents of an execution may be shown by any one who can testify either from recollection or from an examined copy.

ERROR from Cass. Tried below before the Hon. J. H. Henderson, special judge.

*F. M. Henry,* for plaintiff in error.

*Chas. S. Todd,* for defendant in error.

WILLIE, CHIEF JUSTICE.— One of the main points in this case has been settled by this court in the case of Peters v. Clements, reported in 46 Tex., 114, and in 52 Tex., 140. The relief sought by Peters and wife in that case, and which the court held should be decreed to them, was precisely the relief that appellee asks in this suit, and which was granted him in the judgment of the court below from which this appeal is taken. The facts of the two cases are also similar in every important particular. The only difference between them is that the deed from Peters and wife to Connell reserved a lien on the land conveyed to secure the payment of the purchase money, whereas the deed from Cook to Hughes made no such express reservation, but recited that notes had been given for the amount for which the land was sold. That this would make no difference, so far as the appellee's right to subject the land in the hands of a subsequent vendee of Hughes to the payment of the consideration money, is expressly held by Judge Moore in deciding the appeal in Peters v. Clements (see 46 Tex., 123), and we concur in his views upon that question.

But it is urged by appellant that the cause of action relied on by plaintiff was barred by the statute of limitation. Appellant set up those clauses of the statute which bar an action for the recovery of land in three, five or ten years after the commencement of adverse possession; and also the clause which bars an action of debt upon a written instrument after the lapse of four years.

The original petition in this cause was filed on the 15th of July, 1872, and was in the form of an action of trespass to try title. On the 3d of April, 1873, an amendment was filed in which the facts upon which the plaintiff based his right to recover were set forth at length, as were those upon which the defendant claimed title to the land in suit. The prayer of this petition was for a foreclosure of the equity of redemption alleged to be held by the defendant, or that he be compelled to redeem the land from plaintiff's lien by bringing into court the purchase money due upon it; and in the event of his failing to do so, that plaintiff have his writ of possession. A prayer for general relief was also added. On the 13th of September, 1882, an amended original petition was filed in lieu of all previous pleadings of the plaintiff, which petition contained substantially the same averments as to the cause of action which were set forth in the petition of April 3, 1873, and none others. The prayer of this pleading was that the land claimed by appellant through mesne conveyances from Hughes might be subjected to the payment of a part of the judgment obtained against

Hughes for the purchase money of the whole tract sold him by Cook. The whole amount of this judgment, with interest, was $2,196.50, and it was alleged that the portion of land held by appellant was equal in value to the balance of the nine hundred and sixty acres conveyed by Cook to Hughes, and hence it should be subjected to the payment of one-half the judgment, viz., $1,098.25, and the prayer was that it be sold in satisfaction of that amount. It is clear that the petition of September 13, 1882, set up no cause of action different from that alleged in the previous pleading of April 3, 1873. If there is any difference between the two, it is in the character of the relief sought. It is well settled by the decisions of this court that a change in the relief sought, or the addition of a prayer for further or alternative relief, does not amount to the setting up of a new cause of action. Chapman v. Sneed, 17 Tex., 428; Pridgin v. Strickland, 8 Tex., 427.

The running of the statute, therefore, if not interrupted by filing the original petition, ceased when the amendment of April 3, 1873, was made. It is further apparent from a consideration of all the circumstances out of which this litigation arose, that no limitation commenced to run against the plaintiff till the 30th of March, 1870, when the constitution of 1869 took effect, for there was no default on the part of Hughes till 1863, when the purchase money notes matured, and no cause of action had accrued either to enforce the lien against the land in possession of appellant except during the suspension of the statute. From the 30th of March, 1873, to the date of the filing of the first amendment, was but a few days over three years. Neither ten, five or four years had elapsed to bar the plaintiff's recovery, and we do not think that three years was sufficient for that purpose. Nothing less than four years, counting from the 30th of March, 1870, would have barred an action by the holder of the notes to foreclose his lien upon the land. In such a suit he could have joined with the maker of the notes his vendee in possession of the land at the time of suit; or he could have made him a party defendant at any time afterwards within the period of four years from the date when the statute commenced to run against the notes, if not thereafter. There can, therefore, be no reason why he might not commence a separate suit against such vendee, within the same period of time, in order to subject the land in his possession to the payment of the notes given by his vendor for the purchase money. If this is not the precise nature of the present suit, it is so far analogous to it that it requires at least four years to bar the plaintiff's recovery, and the lapse of three years is no bar to the action.

As to the points saved in the several bills of exceptions of appellant, they are not well taken, nor are they brought before the court in such manner as to claim our attention. None of these bills bring before us the papers objected to, so that we may pass upon their admissibility. Papers of a character similar to those alluded to in the bills of exception are contained in the statement of facts, but there is nothing in the record to connect them with those objected to on the trial. The judgment was admissible in evidence, not to show title in the plaintiff to the three hundred acres of land claimed by Porterfield, for the plaintiff did not in his amended petitions claim such title, but to show how, under that judgment and its transfer to him, and the subsequent proceedings had thereon, taken in connection with the facts upon which the judgment was obtained, the appellee was entitled to have the three hundred acres subjected to his debt.

The remaining points made by the bills of exceptions are not tenable. It is legitimate to prove the date of the issuance of a lost execution by the records of the clerk's office from which it was issued; and, by the clerk himself, any mistakes in such dates of which he may be cognizant. The execution was not the foundation of the action, and it was not necessary to allege its loss in order to prove its contents. It was admissible to prove the contents of the execution by any person who knew them, either from an examined copy, or by the recollection of the witness. Copies of executions are not spread upon the records of the district clerk at the time they are issued, and hence no certified copy could be obtained from that office.

The other assignments of errors have either been disposed of already in this opinion, or raise no questions demanding our consideration. There is no error in the judgment, and it is affirmed.

                                                            Affirmed.

[Opinion delivered October 30, 1883.]