## EASTERN TEXAS RAILWAY COMPANY v. PAT AND R. C. FOLEY.

Decided July 1, 1902.

**Laborer's Lien—Railroads—Subcontractor—Statute Construed.**

The article of the statute giving a lien on a railroad to laborers, mechanics, or operatives who have performed labor or work with tools and team or otherwise on the railroad, does not give a lien on the railroad in favor of a subcontractor who, in payment of a debt, lets teams to a contractor to use thereon. Rev. Stats., art. 3312.

Appeal from the District Court of Angelina County. Tried below before Hon. Tom C. Davis.

*E. J. Mantooth* and *Martin M. Fagin,* for appellant.

*O'Quinn & Robb,* for appellee.

GILL, Associate Justice.—This suit was brought by the appellees, Pat and R. C. Foley, against R. J. Smith to recover a sum of money alleged to be due for labor performed by the appellees and for the use by Smith of teams and tools belonging to them in the construction of a part of appellant's road. Appellant railway company was made a party defendant, and a lien was asserted against the roadbed, etc., to secure the payment of the sum claimed against Smith, and appellees prayed as against appellant for the foreclosure of the asserted lien. The defendant Smith denied generally and pleaded offsets. The defendant railway company denied the asserted lien.

A trial by jury resulted in a judgment in favor of plaintiffs against Smith for $527.13 and foreclosure for that amount against the railway company, from which the latter alone has appealed.

We make from the record the following brief statement of the facts: The appellant, a railway corporation, contracted with R. J. Smith to construct a part of its line. Pat and R. C. Foley, who owned a construction outfit of teams and tools, undertook as subcontractors under Smith to clear, grub, and grade a certain portion of the line. In performing this work they became involved in debt to Smith and to others. Smith paid off these obligations to others, and the debt to him and the sums he paid to others aggregated $876.08. Plaintiffs, in order to discharge these obligations to Smith, by written contract hired to him eleven teams and tools to match at $1 per day. These teams and tools were kept by Smith and used in the construction of the road until the indebtedness was discharged. He kept them for ninety-six days thereafter, and for eighty-seven days of that time they were used by him in work upon the road under his contract with appellant. It is unnecessary to state more minutely the issues between plaintiffs and Smith, as the latter has not appealed, and the cross-assignments of plaintiffs can not be considered because they have not appealed from the judgment as between them and Smith. The real issue between plaintiffs and Smith was the amount due by Smith for the use and detention of the tools after the indebtedness to Smith had been discharged. This issue as the case stands is conclusively determined by the verdict and judgment. The question between plaintiffs and the railway company is, does the case as made by the pleadings and evidence entitle them to a lien against the property of the company? A solution of this question will determine this appeal. The question was raised both upon the pleadings and the evidence, but it need not be treated separately. It can best be disposed of with reference to the whole case.

Article 3312 of the Revised Statutes reads as follows: "All mechanics, laborers, and operatives who may have performed labor or worked with tools, teams, or otherwise in the construction, operation or repair of any railroad locomotive car or other equipment of a railroad, and to whom wages are due for such work or for the work of such tools and teams thus employed or for work otherwise performed, shall hereafter have a lien prior to all others upon such railroad and its equip-

ments for the amount due him (them) for personal services or for the use of tools and teams."

Prior to the enactment of the article quoted the classes named were given a lien only for wages for personal services, and were not secured for amounts due for tools and teams used by them in connection with their personal service or otherwise. The article quoted was enacted to supply this omission. It will be observed that the lien is given to *laborers, mechanics,* or operatives who may have *performed labor or worked with tools and teams* or otherwise and to whom wages are due for such work or for the work with such tools and teams.

It has been held that the statute does not give a lien to contractors or subcontractors, but only to laborers, mechanics, and operatives as such. Krakauer v. Locke, 25 S. W. Rep., 702. Pat and R. C. Foley were neither laborers, mechanics, nor operatives, but in the first instance subcontractors; in the second instance, owners of a construction outfit which they hired to Smith, the original contractor, to be used (not under their superintendence or in connection with their labor), but by him until the debt due him was discharged. In the last instance the relation was not changed except that Smith became liable for their use thereafter, not as a credit upon a debt, but directly to them for the value or lease of the tools and teams. They are in no better position to assert a lien than a livery man who hires a team to a laborer to be used in connection with his labor in the construction of a railroad. The laborer would have a lien for his wages for himself and the teams he used, but the claim of the livery man for the hire of his team would be personal against the laborer to whom it was hired. When the Foleys hired their outfit to Smith independent of their own labor they were not laborers in contemplation of the law, and Smith became the owner in possession of the teams and tools so long as he held them with the acquiescence of the real owners. We think it clear the court erred in adjudging a lien for the amount found by the jury. But the evidence shows that Pat Foley worked two days as foreman, though not in control of any tools or teams. The amount claimed for this is $4.75. This much of the cause of action supports the lien, and as Pat and R. C. Foley allege a joint ownership of the entire claim, and that ownership is not questioned, the lien and foreclosure as to that sum is permitted to stand. The judgment as against Smith is not disturbed. The judgment as to the lien is reversed and here rendered that plaintiffs have a lien for only $4.75, and that same be foreclosed against the property of the company.

*Reversed and rendered.*