ANDREWS v. KING.    (No. 5347.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 11, 1914.)

1. COURTS (§ 501*)—JURISDICTION OF FEDERAL AND STATE COURTS—RECEIVERSHIP PROCEEDINGS.

An order of a federal court giving the receiver of a railroad authority "to defend all such suits as may be brought against said receiver, as well as all suits pending or heretofore brought against said railway," did not authorize a suit in a state court against the receiver to recover damages to a shipment of cattle occurring before the appointment of the receiver.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1409; Dec. Dig. § 501.*]

2. RECEIVERS (§ 174*)—LEAVE OF COURT TO SUE.

A receiver may not be sued without the leave of the court by whom the receiver was appointed.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 333–343; Dec. Dig. § 174.*]

3. COURTS (§ 501*) — CONFLICTING JURISDICTION OF STATE AND FEDERAL COURTS—RECEIVERS.

An action in a state court for injuries to a shipment of horses may not be brought without leave against a receiver of a railroad, appointed in a federal court, where the claim arose two or three months before the receiver was appointed, as such claim is not within Act March 3, 1911, c. 231, § 66, 36 Stat. 1104 (U. S. Comp. St. 1913, § 1048), providing that a receiver appointed by the United States court may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1409; Dec. Dig. § 501.*]

Appeal from San Patricio County Court; P. A. Hunter, Judge.

Action by J. W. King against Frank Andrews, as receiver of the St. Louis, Brownsville & Mexico Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and cause dismissed.

Claude Pollard, of Kingsville, and Robt. W. Stayton, of Corpus Christi, for appellant.

FLY, C. J. Appellant was sued, by appellee, as receiver of the St. Louis, Brownsville & Mexico Railway Company, alleging that he had been appointed receiver by a court of competent jurisdiction, which court had authorized the receiver "to defend all such suits as may be brought against said receiver, as well as all suits pending or heretofore brought against said railway company," and that "by so doing gave permission to plaintiff

---

to bring this suit." The cause was tried without a jury, and judgment rendered for appellee for $673.

[1] Appellant was appointed receiver of the railway company on July 5, 1913, by the United States District Court of the Southern District of Texas, and the cause of action sued on by appellee accrued in April, 1913, before the receivership was ordered. There was no permission given by the federal court to appellee to file this suit. The portion of the order quoted did not give any such authority. The receiver was authorized to pay the necessary expenses of operating the railway, taxes, wages, and salaries of employés of the company, and the traffic and car mileage balances for car and equipment repairs occurring within six months prior to the date of the order. The claim of appellee did not fall within either of the class of debts whose payment was authorized by the order.

[2] It is the rule that a receiver cannot be sued without the leave of the court by whom the receiver was appointed. Alderson, Receivers, § 521; Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672. If the federal court had granted such permission, appellee could not have recovered, because his debt was not among those made preferential by the order of the court. It is provided in the United States statute of March 3, 1911, that a receiver of property, appointed by any court of the United States, may be sued in respect of any act or transaction of his in carrying on the business connected with such property without the previous leave of the court in which the receiver was appointed, and this seems to be the only case in which the receiver can be sued without leave of the appointing court. U. S. Comp. St. 1913, § 1048.

[3] The claim of appellee was one arising out of injuries to a shipment of horses transported by the railway company from Sam Fordyce, Tex., to Newport, Ark., two or three months before the receiver was appointed. The receiver had no power or authority to pay the claim, and the county court could not compel him to pay it. Davies v. Railway (Tex. Civ. App.) 133 S. W. 295; Freeman v. Barry (Tex. Civ. App.) 133 S. W. 748.

The judgment is reversed, and the cause dismissed.