SAN ANTONIO, U. & G. R. CO. et al. v. HALES. (No. 5866.)

(Court of Civil Appeals of Texas. San Antonio. May 16, 1917. On Motion for Rehearing, June 30, 1917.)

1. APPEAL AND ERROR ⬤⇒925(1)—APPEARANCE—PRESUMPTIONS.

Where appellants had appeared by answer in the case, in the absence of evidence to the contrary, it will be presumed on appeal that they were present at the trial, and had notice that appellee was seeking to foreclose a lien.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3729.]

2. PLEADING ⬤⇒240—AMENDMENT OF PETITION—NOTICE TO ADVERSE PARTY.

A defendant who has been cited, but has not been answered, must be notified of every amendment which sets up a new cause of action or requires a more onerous judgment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 636–641.]

3. PLEADING ⬤⇒240—AMENDMENT OF PETITION—NOTICE TO ADVERSE PARTY.

Where defendant has pleaded to the action, the only notice of an amendment, which sets up a new cause of action or requires a more onerous judgment against him, to which he is entitled, is the order of the court granting leave to file the amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 636–641.]

4. PLEADING ⬤⇒240—AMENDMENT—NOTICE TO ADVERSE PARTY—NEW CAUSE OF ACTION.

Where plaintiff's original amended petition contained a prayer for general relief and pleaded facts indicating that he was entitled to foreclosure of the lien, the second amended petition did not, because it contained a specific prayer for a foreclosure of the lien, set up a new cause of action or require of defendant more onerous proof entitling him to notice of the second amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 636–641.]

**5. APPEAL AND ERROR** ☞1169(8)—**DETERMINATION OF CAUSE—ERRORS NOT REQUIRING REVERSAL.**

In a suit by a contractor against a railroad company and its receiver for services for construction of a portion of the roadbed, that the judgment was erroneously entered against the receiver is an error which may be corrected on appeal without a reversal of the entire judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4538.]

**6. RAILROADS** ☞159(5)—**LIEN FOR LABOR—RAILROAD EQUIPMENT AND RIGHT OF WAY.**

Under Rev. St. 1911, art. 5640, giving all mechanics, laborers, and operatives who have performed labor, etc., in the construction, operation, or repair of any railroad a lien prior to all others upon such railroad and its equipment, nothing but the railroad right of way and equipment is subject to lien.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 491.]

**7. RAILROADS** ☞188 — **LIEN FOR LABOR — PLEADING—DESCRIPTION OF PROPERTY.**

In a suit against a railroad company for services for construction of roadbed, wherein it was sought to foreclose a lien on the railroad's property, the allegation that all the property was subject to the lien would include right of way and equipment, and was, in the absence of an exception, a sufficient description.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 618–621.]

On Motion for Rehearing.

**8. RAILROADS** ☞159(4)—**PARTIES ENTITLED TO LIENS—CONTRACTORS.**

Rev. St. 1911, art. 5621, providing for a lien for any person or firm, lumber dealer or corporation, artisan, laborer, mechanic, or subcontractor who may labor or furnish material, etc., for improvement or repair of any building whatsoever, and giving to one who may furnish any material for the construction or repair of any railroad a lien, does not give a contractor a lien for services rendered in constructing the roadbed or laying out the railroad of a railroad company; the only lien being for materials furnished.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 489, 490.]

**9. WORDS AND PHRASES—"ORIGINAL CONTRACTOR."**

An "original contractor" is one who for a fixed price agrees to perform certain work or furnish certain material.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Original Contractor.]

**10. RAILROADS** ☞159(4)—**LIENS FOR LABOR—PARTIES ENTITLED—CONTRACTORS.**

Rev. St. 1911, art. 5640, giving all mechanics, laborers, and operatives who have performed labor or work with teams, tools, or otherwise in construction, operation, or repair of any railroad a lien, does not give a contractor a lien for services rendered in constructing the roadbed or laying out a railroad for a railway company.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 489, 490.]

Appeal from District Court, Live Oak County; F. G. Chambliss, Judge.

Suit by L. G. Hales against the San Antonio, Uvalde & Gulf Railroad and others. Judgment for plaintiff, and defendants appeal. Reversed, with one exception, and judgment rendered.

Mason Williams and J. C. Hall, both of San Antonio, for appellants. W. W. Caves, of Oakville, Paul W. Evans, of Laredo, and John Baker, of Beeville, for appellee.

FLY, C. J. This is a suit instituted by appellee, primarily against the railroad company, Duval West, receiver, Word & Lee, and J. E. Franklin to recover the sum of $10,539.56 for grading and constructing a portion of the roadbed of said railroad. The pleadings cover 42 pages of the transcript; the second amended petition, on which the cause was tried, having been filed on the day the cause was tried. In that petition A. R. Ponder, receiver, appears as a defendant in addition to the other defendants named. When the cause came up for trial, the suit was dismissed as to Word & Lee and J. E. Franklin, and prosecuted to judgment as to the railroad company, Duval West, and A. R. Ponder, as receivers. Judgment was rendered against the railroad company and Duval West and A. R. Ponder, as receivers, in the sum of $4,950, with $871.50 interest, amounting in the aggregate to $5,791.50, and all costs of suit, and a mechanics' and laborers' lien was foreclosed on the property of the railroad. The cause was tried on October 31, 1916, and appellants, on November 2, 1916, filed a motion for new trial, which was overruled on same day.

This cause was filed on October 27, 1914, but no lien of any kind was ever asserted until October 31, 1916, in the second amended original petition. There was no description of any property upon which the lien was sought to be foreclosed, save and except "all of the property of every kind, character, and description" of the railroad company. The judgment foreclosed a lien on all the property of the railroad company.

[1] There is nothing in the record that shows that the appellants were not present at the trial of the cause and participated therein. Appellants were in court and presumably present when the cause was tried. Appellants had appeared by answer in the case, and in the absence of evidence to the contrary it will be presumed that appellants were present at the trial and had notice that appellee was seeking to foreclose a lien on the railroad property. It is stated in the motion for new trial that appellants made no appearance in the cause after the filing of the amendment, but the motion is not verified in any manner, and it was overruled by the court. It will be presumed that personal appearance was made.

[2, 3] It is the rule in Texas that a defendant who has been cited, but has not answered, must be notified of every amendment which sets up a new cause of action, or requires a more onerous judgment against him; but if he has pleaded to the action, the only notice to which he is entitled is the order of court granting leave to file the amendment.

Rabb v. Rogers, 67 Tex. 335, 3 S. W. 303. There is in effect a recital that appellants did appear, for it is recited in the judgment:

"And said defendants San Antonio, Uvalde & Gulf Railroad Company, Duval West and A. R. Ponder, receivers of said railroad, and J. E. Franklin having filed their separate answers herein by and through their attorneys, Williams and Hartman and Siddall, and no jury being demanded, said case was submitted to the court as to all questions of both law and fact."

[4] The facts alleged in the first amended original petition were substantially the same as the allegations in the second amended petition, with the addition in the latter of a prayer for a foreclosure of the constitutional lien. There was in each petition a prayer for general relief, and the facts pleaded indicated that appellee was entitled under the statute, as a contractor, to the foreclosure of a lien for the labor performed by him on the roadbed of the railroad company, and making a specific prayer for a foreclosure of the lien did not set up a new cause of action. Lee v. Boutwell, 44 Tex. 151. The proof in the case was not rendered more onerous for appellants by the allegations of the amended petition; for, if the facts of either of the petitions had been proved, the same testimony to defeat the action would have been required from appellants. There was in the second amended petition merely an enlargement of the specific relief sought, and no new cause of action was introduced. Chapman v. Sneed, 17 Tex. 428; Porterfield v. Taylor, 60 Tex. 264; Raleigh v. Cook, 60 Tex. 438.

[5] There should have been no judgment against the receiver, as the cause of action accrued before the receivership was created. The suit was improperly instituted against them. Andrews v. King, 170 S. W. 862; Railway v. Vivian, 180 S. W. 952. That error can, however, be corrected by this court, without a reversal of the entire judgment.

[6] The law as embodied in article 5640, Revised Statutes, gives—

"all mechanics, laborers and operatives who may have performed labor, or worked with tools, teams or otherwise, in the construction, operation or repair of any railroad, locomotive, car or other equipment of a railroad, and to whom wages are due or owing for such work, or for the work of tools or teams thus employed, or for work otherwise performed, shall hereafter have a lien prior to all others upon such railroad and its equipments for the amount due him for personal services, or for the use of tools or teams."

That article has been construed to give a lien only on the right of way and movable equipments of the railroad. Bank v. Railway, 95 Tex. 176, 66 S. W. 203.

[7] The allegation that all of the property was subject to the lien would include right of way and equipments, and would, in the absence of an exception, be a sufficient description. Nothing but the right of way and equipments would be subject to the lien, however.

There is no statement of facts, and the findings of fact of the trial court are not assailed, except as to the agency of Lee, and they are, of course, approved by this court as its conclusions of fact.

The judgment adjudicated all issues. On March 31, 1916, appellants filed an answer in which judgment was asked, in the event of recovery against them, for a judgment against Franklin and Word & Lee. The same attorneys who represented appellants represented Franklin and Word & Lee. The last two named were dismissed from the suit, without protest on the part of appellants, and it does not appear that they were not present at the trial. The court found that Word & Lee were agents for the railroad company in employing appellee, and that they alone acted in making such employment. Under the facts as found by the court, and they must stand in the absence of a statement of facts, appellants had no cause of action against Franklin and Word & Lee, and the court did not err in dismissing the suit as to them.

The judgment adjudging the railroad company indebted to appellee in the sum of $5,791.50, with interest at 6 per cent. per annum from October 31, 1916, and as to the dismissal of J. E. Franklin and Word & Lee from the suit, is affirmed, but in other respects is reversed, and judgment here rendered that appellee have a foreclosure of his statutory lien on the right of way and movable equipments of the railroad company, that he take nothing as to Duval West and A. R. Ponder, receivers, and that he pay all costs arising from impleading J. E. Franklin and Word & Lee and the receivers in the lower court, and all the costs of this suit in this court.

### On Motion for Rehearing.

[8] The conclusions of fact of the trial judge show that appellee was a contractor, and appellee insists in his answer to the motion for rehearing that his rights are fixed by the terms of article 5621, formerly 3294, rather than by those of article 5640. The first-named article provides for a lien for "any person, or firm, lumber dealer, or corporation, artisan, laborer, mechanic, or subcontractor, who may labor or furnish material, machinery, fixtures or tools to erect any house or improvement or to repair any building or improvement whatever." That part of the article refers specifically to one class of improvements and gives a lien to the persons named. Then it gives a lien to the same persons or corporations to secure labor, material, machinery, fixtures, or tools to erect or repair levees, etc. It also gives a lien to any one who may "furnish any material for the construction or repair of any railroad within this state under or by virtue of a contract with the owner, owners, or his or their agent, trustee, receiver, contractor or contractors." There is no provision what-

ever made in that article for a lien to a contractor; the only thing for which a lien on railroads is provided being for material. We have been cited to no case in which it was held that there was any lien given against a railroad for services rendered by a contractor in constructing the roadbed or laying the track of a railroad. Mechanics and laborers who build machine shops, roundhouses, etc., for a railroad are governed by the first part of the article in question in regard to houses or improvements. Bank v. Railway, 95 Tex. 176, 66 S. W. 203.

The article as originally passed in 1889 gave no lien for material furnished a railroad, but in 1895 the act was amended by inserting that portion in regard to railroads. The object and intent of that amendment is clearly indicated by the declaration in the emergency clause that there was "no law on the statute books extending the materialman's lien to railroads." Acts 1895, p. 194. There was no mention of contractors in the amendment, and neither are they referred to in the amendment of 1913. Appellee alleged and the court found that he was a contractor and built a certain portion of the railroad under a contract.

[9] An original contractor is one who, for a fixed price, agrees to perform certain work or furnish certain material. Van Horn v. Day, 148 S. W. 1129. Appellee at first claimed a lien under article 5621, but, in a reply to a supplemental motion for rehearing, claims it also under article 5640.

[10] In our former opinion we felt disposed to hold that appellee had a lien under article 5640, Revised Statutes, but a reconsideration of that article as well as the decisions thereunder convinces us that appellee has no lien under the terms of that statute. That law was passed in 1879 and amended in 1889, and has not since been amended, and clearly has reference to none others than laborers, mechanics, and operatives to whom wages are due for their work or for their teams or tools. It has been held that the statute did not include teams furnished by a subcontractor, but only applies to men performing labor for railroads with or without teams. Krakauer v. Locke, 6 Tex. Civ. App. 446, 25 S. W. 700; Railway v. Foley, 30 Tex. Civ. App. 129, 69 S. W. 1030; Railway v. Read, 154 S. W. 1027. Appellee has no lien under that article of the statutes, and we conclude that he has no lien on the railroad property to secure his debt.

If, as we think, appellee had no lien under the statute, then it follows that the amendment filed by him was of effect, but bore on its face a fundamental defect, and consequently could not have affected appellant in any manner. Appellant therefore has no cause of complaint as to not having notice of the filing of the amendment. It does not affect it in any manner.

The motion for rehearing is granted, our former judgment set aside, and the judgment of the lower court is reversed except as to dismissal of Word, Lee, and Franklin, and judgment here rendered that appellee have and recover of the railway company the sum of $5,791.50, with interest at 6 per cent. from October 31, 1916; that he take nothing as to the receivers, West and Ponder, nothing as to the lien claimed by him, and pay all costs in this behalf expended in this court, as well as in the lower court, as to the receivers.