### SHEPPARD v. HOLT et al.

No. 17054—Opinion Filed Sept. 14, 1926.

**1. Trial—Trial Without Jury—Finding on Plaintiff's Evidence.**

When a trial is had before the court without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not do so at the earliest possible time, when the rights of the plaintiff will not be cut off or impaired by its so doing, and when the plaintiff has introduced all his proof and rested, no right of his will be impaired, if the court then determines what has been proven.

**2. Contracts—Validity—Right to Know Identity of Other Contracting Party.**

Every person has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. He has the right to the benefit he anticipates from the character, credit, and substance of the party with whom he contracts.

**3. Descent and Distribution—Rights of Surviving Wife and Minor Heir—Invalidity of Contract of Sale by Wife Without Administration and Guardianship.**

The property belonging to an intestate decedent's estate cannot be contracted, sold, and possession delivered at private sale by the surviving wife where the rights of a minor heir are involved, until the statutory requirements of administration, appointment of guardian, notices, orders, appraisement and approval by the county court, having

jurisdiction of the persons and property involved in the transaction, have been fully complied with.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by O. F. Sheppard, against Mrs. Bess Holt and L. G. Sherman, to enforce a contract and for an injunction. Judgment for defendants, and plaintiff brings error. Affirmed.

Sullivan & Rice, for plaintiff in error.

Bond & Bond and Sandlin & Winans, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Stephens county by O. F. Sheppard, plaintiff in error, plaintiff below, against Mrs. Bess Holt and L. G. Sherman, defendants in error, defendants below, to enforce a contract for the sale of certain town lots and a cotton gin located thereon in the town of Doyle, Okla., and for an injunction. Parties will be referred to as plaintiff and defendants as they appeared in the lower court.

The petition, in substance, alleges that the plaintiff entered into a written agreement with the defendant Bess Holt, on the 9th day of January, 1925, for the purchase of the two town lots and the gin located thereon for the consideration of $5,000, plaintiff assuming an existing mortgage on the property in the sum of $2,500, and to pay one-half of the balance of the consideration on the 1st day of October, 1925, and the remaining one-half on the 1st day of October, 1926, deferred payments to bear interest at the rate of eight per cent.; that defendant was to deliver immediate possession, but retained title until the entire consideration was fully paid; that the defendant was to probate the estate of E. W. Holt, her deceased husband, in whom the title vested at the time of his death, and to complete probate proceedings necessary to convey a good title to plaintiff, and plaintiff was to pay the taxes for 1925, and all premiums for insurance falling due after the expiration of the existing policies and keep the mortgage in force; that the defendant delivered possession as agreed, and then shortly thereafter attempted to repudiate the contract, and in the absence of the plaintiff and her agent, took charge of the property and placed her codefendant, L. G. Sherman, in possession thereof, locking up the doors and nailing up the windows and openings, thereby preventing the plaintiff from entering upon the improvements and from operating the cotton gin for the season of 1925, and refused to deliver possession to plaintiff. Plaintiff further alleged that she had done and performed all the conditions precedent entitling her to bring and maintain the action, under and by virtue of the written contract, and prayed that she be declared the legal and equitable owner of the property, subject to the terms of the contract, and to enjoin the defendant and her agent from interfering with and taking possession of the property, and that plaintiff be permitted to take charge of the property. There is attached to the petition a copy of the written contract as an exhibit, signed by the defendant, Mrs. Bess Holt, as party of the first part, and O. F. Sheppard, party of the second part, and acknowledged before a notary public by Bess Holt and O. F. Sheppard.

A temporary restraining order was issued in an ex parte proceeding before the county judge, the district judge being absent from the county.

The defendant Mrs. Bess Holt filed her answer, which, among other things, alleges that she signed said contract and was induced to sign the same by misrepresentations and fraud of one J. M. Sheppard, who represented himself to be O. F. Sheppard; that he intentionally concealed from the defendant that he was J. M. Sheppard, and that she never, at any time, intended to make the contract with the plaintiff, O. F. Sheppard; that she did not know and had never seen the plaintiff, O. F. Sheppard, and that immediately after discovering the deception, she rescinded and repudiated the contract and notified the plaintiff, O. F. Sheppard; that the contract was not to become binding until one R. K. Wooten had approved it; that the contract was void on the grounds of public policy, for the reason that it undertakes to bind the estate of E. W. Holt and the county court of Stephens county, Okla., and prayed the contract be rescinded, canceled and set aside, and the property be restored to possession of the defendant, and a decree be entered, barring the plaintiff or anyone claiming by, through, or under her, from claiming any right, title, or interest in the property.

The plaintiff replied by way of general denial and alleged that the said J. M. Sheppard was the duly authorized agent and attorney in fact of plaintiff, and that, at the time of the making of the contract, he had a good and sufficient power of attorney from plaintiff to enter into said contract,

and that the defendant Mrs. Bess Holt understood all the above matters at the time the contract was entered into, and that if any person had any interest in the estate of E. W. Holt, deceased, it was the minor daughter of Bess Holt, and that, under the law, Bess Holt was entitled to the appointment as guardian of said minor and to the management of the property of said minor.

Upon these issues the cause was tried to the court without the intervention of a jury, and at the close of the testimony on part of the plaintiff, the defendant demurred to the sufficiency of the testimony to sustain the cause of action in favor of the plaintiff and against the defendant Bess Holt, which demurrer was by the court sustained, the court making its findings that defendant was in lawful possession of the premises at the time of the institution of the action, and the issuance of the restraining order, and that she was entitled to have and retain possession thereof; that defendant was induced to enter into the contract by the misrepresentation of J. M. Sheppard, who was the father of the plaintiff, who represented himself to be O. F. Sheppard, and executed and acknowledged the contract in the name of O. F. Sheppard at the time of the execution and delivery of the contract, and never disclosed his identity, which contract was a cloud upon the title to the property of Bess Holt; and that the defendant Bess Holt, upon discovering the misrepresentation, promptly rescinded the contract by a written notice to the plaintiff; that the evidence introduced by plaintiff was insufficient to sustain the cause of action in favor of the plaintiff and against the defendants, and that the plaintiff had failed to prove the material allegations of her petition, and that the demurrer of defendants should be sustained, and that no legal grounds existed for the granting of the injunction; and denied the same and dissolved the temporary restraining order, canceling the contract and removing the cloud from the title of the property, confirmed title in the defendant, and enjoined the plaintiff from interfering with the peaceful possession of the defendant.

After an unsuccessful motion for new trial and proper exceptions preserved, the cause comes regularly upon appeal by the plaintiff to this court for review of the judgment of the trial court.

The attorneys for plaintiff set up eight assignments of error, but content themselves by arguing the same upon the following propositions:

"As all of the errors specified are directed at the action of the trial court in sustaining the defendants' demurrer to the plaintiff's evidence and in rendering judgment in favor of the defendants and against the plaintiff, and in refusing to render judgment for plaintiff, the errors specified will for convenience be argued together."

At the very outset of the argument by counsel, we are confronted with the legal proposition of the court having sustained the demurrer to the plaintiff's evidence at the close of all the evidence introduced by the plaintiff and after plaintiff had rested her case. This has been held repeatedly by this court to be a proper procedure where the cause is one triable to the court, and where, as in this case, the court makes its findings, which show that it has weighed and considered the evidence introduced. See Porter v. Wilson et al., 39 Okla. 500, 135 Pac. 732, and Lowrance v. Henry et al., 75 Okla. 250, 182 Pac. 489. In the last case it is said:

"'When a trial is had before the court without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not do so at the earliest possible time, when the rights of the plaintiff will not be cut off or impaired by its so doing, and when the plaintiff has introduced all his proof and rested, no right of his will be impaired, if the court then determines what has been proven."

In the trial of this cause the testimony showed that J. M. Sheppard was the father of the plaintiff, O. F. Sheppard, and that he had a written power of attorney to transact her business, but that this fact was never disclosed by him to the defendant Bess Holt, and that she had no knowledge that J. M. Sheppard was not the O. F. Sheppard who signed and acknowledged the written contract introduced in the case, at the time of the transaction, and that, upon learning that the party with whom she dealt, and who signed and acknowledged the contract, was not O. F. Sheppard, but was J. M. Sheppard, she immediately gave written notice of a rescission of the contract. It further developed in the testimony, by stipulation of counsel, that the two lots and the gin, sought to be included in the contract for sale and purchase, introduced in this cause, belonged to the estate of E. W. Holt, who died intestate immediately prior to the time the contract was executed, and that he left surviving him as his sole and only heirs at law the defendant Bess Holt, his widow, and a minor daughter, Leona Holt, aged ten years. It also appears, in the petition of plaintiff and in the written contract, that

no probate proceedings in the county court had ever been had in connection with the property of the estate of E. W. Holt, the deceased husband of Bess Holt, and the father of Leona Holt, and in the contract it is provided that the defendant Bess Holt should probate the estate of the late E. W. Holt, deceased, in the probate court of Stephens county, Okla., and complete proceedings necessary to convey a good title to the plaintiff at her expense.

Attorneys for plaintiff contend that it was not necessary that defendant Bess Holt should know the identity of the party with whom she was dealing. To this contention we cannot agree, especially as in this case no consideration passed between the parties, and nothing was to be paid until the 1st day of October, 1925, following the making of the contract, and then only one-half of the remainder of the consideration was to be paid, which was not covered by the mortgage, which was to be assumed by the plaintiff, and the defendant was to keep this mortgage in force and the remainder to be paid on the 1st day of October, 1926. Under such circumstances, we are of the opinion that it became of tremendous importance to the defendant to be advised as to whom she was trusting with her property, and to whom she was to look for the payment of the entire consideration she was to receive for the property. There can be no contract where one party enters into the contract under a mistake as to the identity of the other party. Section 266, 13 C. J. 378, lays down the rule as follows:

"There is no agreement where one party enters into a contract under a mistake as to the identity of the other party. * * *"

In the case of the Arkansas Valley Smelting Co. v. Belden Mining Co., 127 U. S. 379, 32 L. Ed. 246, it is said:

"But everyone has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. In the familiar phrase of Lord Denman, 'You have the right to the benefit you anticipate from the character, credit, and substance of the party with whom you contract.'"

It is further held in said opinion that:

"Rights arising out of contract cannot be transferred if they are coupled with liabilities."

In this case J. M. Sheppard held himself out to be O. F. Sheppard, signed the contract, not as the agent or attorney in fact of O. F. Sheppard, but as O. F. Sheppard individually, and appeared before the notary public and made the acknowledgment as O. F. Sheppard and not as O. F. Sheppard, as agent or attorney in fact, and, under such circumstances, we are of the opinion that the contract was subject to rescission by the defendant at her option upon ascertaining the identity of O. F. Sheppard, the party unknown to her and with whom she had not made the contract.

The other and more serious question is that the parties to this contract undertook the sale and purchase of property belonging to an intestate decedent, whose estate had never been administered upon or settled in the county court of Stephens county, and in which the creditors, if any, of the estate, the surviving wife, and a minor child had an interest, and, under the terms of the contract, the pleadings and the evidence in this case, no such contract can be binding upon the parties in face of the statute law of this state, requiring that real estate of an intestate decedent cannot be sold except for the purpose of paying debts, and then under the prescribed mode of procedure to be followed in said sale by the administrator. The statute also provides that the interest of a minor in land cannot be sold except after the appointment of a guardian, petition for sale filed showing necessity therefor, under order of the county court after notices have been given, after appraisement, order of sale, and that it must be sold for at least 90 per cent. of its appraised value, all to be approved by the county court. So this contract, upon its face, undertakes to set a value upon the property of the minor, Leona Holt, and sell her interest and deliver possession of the property without having first complied with the laws regulating the sale of the lands of a minor.

We are, therefore, of the opinion that upon both the law and the facts in this case, the judgment of the trial court was correct, and that the same should be and it is hereby in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1545. (2) 13 C. J. p. 378, § 266. (3) 18 C. J. p. 894, § 170.