## SOUTHWESTERN DREDGING CORP. v. CHICAGO, R. I. & P. R. CO. et al.

No. 22112. April 24, 1934.

Rehearing Denied May 8, 1934.

Spiers & Bodovitz, for plaintiff in error.

W. R. Bleakmore, John Barry, W. L. Farmer, Robert E. Lee, J. H. Everest, Robt. K. Everest, Malcolm W. McKenzie, John Halley, and E. E. Gibbens, for defendants in error.

PER CURIAM. The plaintiff's petition in this case alleges, in substance, that on the 27th day of March, 1929, T. E. Wiggins, Inc., and the Chicago, Rock Island & Pacific Railway Company entered into a contract for certain construction work on the Rock Island right of way at Oklahoma City. That at the same time, and as a part of the consideration for the execution of said contract, the American Employers' Insurance Company executed a bond guaranteeing the performance of the contract. A copy of said bond is attached to the petition and made a part thereof, marked exhibit "A." The conditions of said bond, as recited therein, are as follows:

"Now, therefore, if said principal shall in all respects faithfully and fully perform each and all of the terms, provisions, conditions and undertakings of said contract in writing to be by it kept and performed, then this obligation shall be null and void; otherwise to remain in full force, virtue and effect."

Plaintiff further alleges, in substance, that on the first day of September, 1929, said T. E. Wiggins, Inc., entered into a contract with the plaintiff for the rental of certain equipment to be used under said contract above referred to and to be used on the right of way of said railway company. A copy of said contract is attached to the plaintiff's petition, marked exhibit "B" and made a part thereof. That there is due from T. E. Wiggins, Inc., a balance of $4,000 and interest; that said sum has not been paid, although demand therefor has been made, and plaintiff alleges that by reason of the execution and delivery of the above bond said surety company became liable and bound to pay all the claims for labor and material under said contract and for labor and material performed and used under said contract.

Plaintiff further alleges that under the lien law of the state of Oklahoma, its claim is by statute made a lien on the right of way, roadbed, equipment, etc., of the defendant railway company; that a statutory notice of a lien claimed was served on said railway company on March 19, 1930, a copy of said notice of lien is attached to the plaintiff's petition marked exhibit "C" and made a part thereof, and the plaintiff prays judgment against T. E. Wiggins, Inc., and the American Employers' Insurance Company in the sum of $4,000, with interest, and for judgment declaring the same to be a lien against the roadbed, right of way, etc., of the defendant railway company, and for $500 attorney's fee.

Each of the defendants filed separate demurrers to the petition of the plaintiff on the ground that the petition did not state facts sufficient to constitute a cause of action against the defendants in favor of plaintiff.

The demurrer as to the defendant T. E. Wiggins, Inc., was by the court overruled, and at a later date the cause of action against T. E. Wiggins, Inc., was dismissed by the plaintiff without prejudice.

The lower court sustained the demurrer of each of the other defendants; plaintiff declined to plead further, gave notice of intention to appeal, etc., and this case is now before this court for review on the question of whether or not the lower court committed error in sustaining the demurrers of the defendants American Employers' Insurance Company and the Chicago, Rock Island & Pacific Railway Company.

It will be observed that the only allegation as to the contract for construction work between T. E. Wiggins, Inc., and the Chicago, Rock Island & Pacific Railway Company is that they entered into a contract for certain construction work on the Rock Island right of way at Oklahoma City; nor is there any copy of said contract attached to the plaintiff's petition. This being true, this court cannot hold that said contract was entered into for the use and benefit of third persons.

In the bond executed, T. E. Wiggins, Inc., was obligor and the defendant railway company was obligee, and it in effect simply guarantees the performance of the contract entered into by the Wiggins Company and

the defendant railway company, and the petition does not allege facts sufficient to show that there was any privity of contract between the plaintiff and the defendant American Employers' Insurance Company, as surety, nor does the bond or any of the exhibits attached to plaintiff's petition so show.

We are, therefore, of the opinion, and hold, that the demurrer of the American Employers' Insurance Company to the plaintiff's petition was properly overruled. Merchants Union Trust Co. v. New Philadelphia Graphite Co. (Del. Ch.) 83 Atl. 520; Evans v. U. S., 42 Ct. Cl. 287; Kruschke v. Quatsoe (Colo.) 112 P. 769; Sheppard v. Holt, 119 Okla. 168, 249 P. 302; Arkansas Valley Smelting Co. v. Belden Mining Co., 127 U. S. 379.

Should the demurrer of the defendant Chicago, Rock Island & Pacific Railway Company have been sustained? Plaintiff bases his right to a lien on section 7473, C. O. S. 1921, which reads as follows:

"7473. Liens Against Railroads. Every mechanic, builder, artisan, workman, laborer or other person, who shall do or perform any work or labor upon or furnish any material, machinery, fixtures or other things toward the equipment, or to facilitate the operation of any railroad, shall have a lien therefor upon the roadbed, buildings, equipments, income, franchises, and all other appurtenances of said railroad, superior and paramount, whether prior in time or not, to that of all persons interested in said railroad as managers, lessees, mortgagees, trustees, beneficiaries under trusts or owners."

In the case of Kansas City Southern R. Co. v. Reinman, 63 Okla. 69, 162 P. 726, the plaintiff sought to recover for the hire of several spans of work mules, and the plaintiff sought to have a lien declared for the amount due against the property of the railway company, and in holding that the plaintiff was not entitled to recover against the railway company, this court, among other things, at page 70, said:

"In the case at bar the plaintiff's right to a lien is based upon the fact that he hired his mules to the contracting company, who had the contract with the railway company to do the construction work. The plaintiff did no manual labor, either by himself or his servants, toward the construction of the railway. Whatever right he has, if any, arises from the use of his mules. It seems to us that when he hired his mules to the contracting company, to all intents and purposes they became the latter's property, the same as if it had purchased them outright; and for their use in connection with the construction work it probably would have been entitled to a lien. Whilst there are similar statutes in many of the states, no case has been called to our attention, nor have we been able to find any, which supports the contention of plaintiff, that he is entitled under the statute to a lien on the property of the railway company for the amount due him from the contracting company as hire for his mules. That he is not entitled to such lien under statutes of similar import is held in the following cases: Wood, Curtis & Co. v. El Dorado Lbr. Co., 153 Cal. 230, 94 P. 877, 16 L. R. A. (N. S.) 585, 126 Am. St. Rep. 80, 15 Ann. Cas. 382; Adams v. Burbank, 103 Cal. 646, 37 P. 640; Richardson v. Hoxie, 90 Me. 227, 38 Atl. 142; Mabie v. Sines, 92 Mich. 545, 52 N. W. 1007; Edwards v. Waite Lbr. Co., 108 Wis. 164, 84 N. W. 150, 81 Am. St. Rep. 884; Eastern Texas R. Co. v. Foley, 30 Tex. Civ. App. 129, 69 S. W. 1030; Ft. W. & D. C. R. Co. v. Read Bros. (Tex. Civ. App.) 154 S. W. 1027; St. L., I. M. & S. R. Co. v. Love, 74 Ark. 528, 86 S. W. 395."

This court in the same case cites with approval the case of Wood, Curtis & Co. v. El Dorado Lbr. Co. (Cal.) 94 P. 877, and in that case, on page 878, the court uses the following language:

"We are asked here to hold (since to uphold the ruling of the trial court it must be so held) that one who merely lets, hires, or rents tools, implements, or machinery of any kind to one employed upon the work becomes thereby a subcontractor and entitled to a lien for the value of the use of such tools, implements, and machinery as he has let or leased. Yet certainly the plaintiff was in no sense a subcontractor. He occupied no contractual position whatsoever touching the work. He had merely turned over to the contractor, under a contract of hiring, certain personal property which the contractor himself used upon the work. The fact that the personal property which was so turned over consisted of horses and their harness should not be allowed to cloud the issue. The horses, as horses, were no more entitled to liens than were the harnesses themselves. Each and both together were but convenient appliances for the doing of specific work. In the ultimate analysis there is no difference in principle whether draying is done by horses and wagons, or by automobile trucks, whether grading is done by horses and scrapers, or by traction engines and steam paddies. One and all are in their essence but tools and machinery."

We, therefore, hold that there was no contractual relation between the plaintiff and the defendant railway company, and that the claim of plaintiff under the contract between himself and T. E. Wiggins,

Inc., does not bring the plaintiff's claim within the purview of the lien statute quoted, supra.

Having held as outlined above, we deem it unnecessary to pass upon the proposition as to whether or not the notice served upon the defendant railway company was a valid notice.

The judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of District Judge W. J. Crump, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.