SAINT LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY v. MARTIN MATHEWS.

No. 2837.

1. **Mechanics', Laborers', etc., Liens.**—The statute (Sayles' Texas Civil Statutes, art. 3179a, sec. 1) gives liens to "mechanics, laborers, and operatives who have performed labor, or worked with tools, teams, or otherwise in the construction, operation, or repair of any railroad, locomotive, car, or other equipment of a railroad, and to whom wages are due or owing for such work," but does not give a lien to persons who furnish material for such construction or repairs.

2. **Case in Judgment.**—Plaintiff, at instance of a contractor, furnished ties to be used in repairing the track of the defendant at stipulated prices per tie. He gave his personal labor to preparing the ties for delivery. *Held,* that he was rather a seller of ties than a *laborer,* and that the law gave him no lien to secure payment for the ties so furnished.

APPEAL from Bowie. Tried below before Hon. John L. Sheppard. The opinion states the case.

*Todd & Hudgins,* for appellant. — 1. It appears from the face of the plaintiff's petition that the District Court had no jurisdiction of the subject matter of the suit nor of the amount in controversy. Const., art. 5,

sec. 8; Sayles' Civ. Stats., art. 3179a, secs. 1, 2; Railway v. Allen, 1 Ct. App. C. C., 568.

2. The statutory lien exists only for the value of the labor or services performed, and not for the value of materials furnished. Sayles' Civ. Stats., art. 3179a, secs. 1, 2; Railway v. Daniels, 62 Texas, 70.

*Vaughan & Leary*, for appellee.—The petition alleges and the testimony proves the facts which give existence to the lien on the defendant's railroad and its equipments. The District Court alone has jurisdiction to enforce the lien on the railroad. Const., art. 5, sec. 8; Sayles' Civ. Stats., art. 3179a, secs. 1, 2; 1 Ct. App. C. C., sec. 163; 1 Wash. on Real Prop., 4 ed., sec. 3.

STAYTON, CHIEF JUSTICE.—This action was brought by appellee against T. J. Lowe and the appellant company to recover from the former a sum claimed to be due from him, and to establish and foreclose a lien on appellant's railway to enforce its payment.

Appellee sought to recover $329.56 from Lowe, who was alleged to have been a contractor, engaged in furnishing railroad ties to appellant to be used in construction and repair of its railway, to whom he claims to have delivered ties at fixed prices, which were used in the construction and repair of the railway.

To show the character of his claim appellee alleged that "he was a laborer employed by Lowe as such contractor; that Lowe requested plaintiff to make and deliver to him on said company's right of way * * *. certain cross ties, for which he agreed and promised to pay the plaintiff, when the same should be inspected and received by the said railroad company, * * * the sum of twenty-eight cents per tie for all good ties so delivered by plaintiff, and the sum of fourteen cents per tie for culled or faulty ties; * * * that pursuant to said request of said Lowe the plaintiff made and delivered to said Lowe; * * * that said sums of money are due and owing to plaintiff for his personal services as wages earned in the construction and repair of said railroad," etc.

By exception appellant questioned the jurisdiction of the court on two grounds:

1. Because the amount sued for was not sufficient to give jurisdiction.

2. Because the facts alleged did not show that appellee had a lien on the railway.

There was no exception to the petition on account of its generality of statement, and on hearing the exceptions to the jurisdiction of the court those were overruled.

A trial was had, which resulted in a judgment for appellee for a part of the sum claimed by him, with foreclosure of lien on that part of appellant's railway and equipments within this State.

The sum claimed not being sufficient to confer jurisdiction on the District Court, the inquiry arises whether the petition stated such facts as gave a lien on the railway.

The exceptions raised this question: The statute gives lien to "mechanics, laborers, and operatives who have performed labor or worked with tools, teams, or otherwise in the construction, operation, or repair of any railroad, locomotive, car, or other equipment of a railroad, and to whom wages are due or owing for such work" (Sayles' Civ. Stats., art. 3179a), but it does not give a lien to persons who furnish material for such construction or repairs.

The petition alleges that appellee was a "laborer employed by Lowe," and that the sum claimed by him "is due and owing to plaintiff for his personal services as wages earned in the construction and repair of said railroad."

The statement that he was a "laborer," and that the sum claimed by him was due for his "personal services as wages," are but the statement of conclusions, which can not be given effect unless the facts stated show him to have been a laborer and entitled to wages for personal services.

The word "laborer," as used in the statute, evidently means one who performs manual services in the construction, repair, or operation contemplated by the statute, and does not embrace one who may work in preparing something of his own to sell to a railway company after it has been rendered suitable through his toil to be used in the construction or repair of a railway.

The words "labor," "work," "personal services," and "wages" used in the statute render this clear, if we attach to them their ordinary signification.

The facts stated are that Lowe requested appellee to make and deliver ties, and promised to pay a sum named for each tie when inspected and received by appellant, and that he did make and deliver as per request a certain number of ties, which were inspected and received, for which at the price agreed upon he was entitled to recover the sum claimed.

The legitimate inference from these averments is that appellee took a contract to furnish ties at a price named, and did so, and that in preparing and delivering them he bestowed his personal services; that he sold ties which may have been prepared and delivered by his own toil, but did not perform manual services in the construction, repair, or operation of appellant's railroad.

Looking to the averments of fact contained in the petition, under a liberal intendment, we are of opinion that the petition does not state facts giving a lien, and that the demurrers should have been sustained.

The evidence in the case, which consisted solely of the testimony of appellee, tended to show that he was a seller of ties rather than a laborer,

and had the petition stated facts sufficient to give lien we are of opinion that the evidence was not sufficient to sustain the judgment.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 12, 1889.