The St. Louis Southwestern Railway Company v. A. B. Lyle.

No. 254.

1. **Mechanics', Laborers', etc., Liens.**—The statute (Sayles' Civil Statutes, article 3179a) gives a lien to "mechanics, laborers, and operatives who have performed labor or worked with tools, teams, or otherwise in the construction, operation, or repair of any railway, locomotive, car, or other equipment of a railway, and to whom wages are due or owing for said work," but does not give a lien for material furnished for such construction or repairs.

2. **Case in Judgment.**—Appellee performed labor to the value of $56 in preparing ties for one Doak, who was a tie contractor getting out ties under a contract with appellant, and the ties were used in repairing appellant's road. Following Railway v. Mathews, 75 Texas, 92, *Held*, appellee did not have a lien upon appellant's road. In this case Doak was not a contractor to construct or repair the railway, but was merely a contractor to furnish material for that purpose. Appellee, therefore, did not perform labor or work in the construction or repair of the railway, but merely performed labor upon material to be furnished by Doak for the construction or repair of the same. Appellant is not liable to appellee.

Appeal from Titus. Tried below before Hon. John L. Sheppard.

*Todd, Hudgins & Rogers* and *Sam H. West,* for appellant.—The lien does not exist unless the labor is performed "in the construction, operation, or repair," etc. And plaintiff in this case had no lien against appellant's road unless he made the ties at the instance or request of ap-

pellant, or for the purpose of the same being used in its road.   Sayles'
Civ. Stats., art. 3179a; Railway v. Mathews, 75 Texas, 94.

*McLean & McLean,* for appellee.—Appellee did make said switch ties
at the instance and request of one Doak, a contractor for said St. Louis
Southwestern Railway in Texas, and for the purpose of being used in the·
construction and repairing of appellant's roadbed.   Appellee has a
laborer's lien on appellant's roadbed for labor performed in making said
ties.   Sayles' Civ. Stats., art. 3179a; Railway v. Daniels, 62 Texas, 70.

RAINEY, ASSOCIATE JUSTICE. — This suit was brought by appellee in
the Justice Court of Titus County, against the St. Louis Southwestern Rail-
way Company, to recover the sum of $56, alleged to be due for crossties
furnished to repair said road, and to foreclose a lien on said road claimed
to exist by reason of said ties being placed in said roadbed.   A judgment·
was rendered for appellee for said sum in said Justice Court.   An appeal
was taken to the District Court, where the case was tried by the court
without a jury, and judgment again rendered for said sum in favor of ap-
pellee, from which judgment the cause is brought here by appellant rail-
way company for review.

The facts, in their strongest light for appellee, are, that appellee per-
formed labor to the value of $56 in preparing ties for one Doak, who was
a tie contractor, getting out ties under a contract with appellant, and said
ties were used in repairing appellant's road.

Under this state of facts, the question arises, Did appellee have a lien
upon appellant's road ?   Under the decision in case of Railway v. Mathews,
75 Texas, 92, we think this question should be answered in the negative.

Article 3179a, Sayles' Civil Statutes, gives a lien to '' mechanics, labor-
ers, and operatives who have performed labor or worked with tools, teams,
or otherwise in the construction, operation, or repair of any railway, loco-
motive, car, or other equipment of a railway, and to whom wages are due·
or owing for such work.''

It will be noted that this statute does not give a lien for material fur-·
nished for the construction or repairs of a railway, but only gives a lien
for labor and work performed in its construction or repair.

Justice Stayton, in delivering the opinion in the case of Railway v.
Mathews, supra, uses the following language:   '' The word ' laborer,' as
used in the statute, evidently means one who performs manual services in
the construction, repair, or operation contemplated by the statute, and
does not embrace one who may work in preparing something of his own
to sell to a railway company after it has been rendered suitable through
his toil to be used in the construction or repair of a railway.   The words,
' labor,' ' work,' ' personal services,' and ' wages ' used in the statute render
this clear, if we attach to them their ordinary signification.''

Doak was not a contractor to construct or repair the railway, but was merely a contractor to furnish material for the purpose of constructing and repairing. Appellee, therefore, did not perform labor or work in the construction or repair of said railway; but merely performed labor upon material to be furnished by Doak for the construction or repair of the same. To construe the statute as giving a lien to appellee, would be in effect so construing it that all parties who labored on any material, of whatever kind, that was used in the construction or repair of a railway would be entitled to a lien on such railway. Such, in our opinion, evidently was not the intention of the law makers; nor does the language of the statute warrant such a construction.

We think the evidence fails to show any liability on the part of appellant to appellee; therefore the judgment of the court below is reversed and judgment here rendered for appellant.

*Reversed and rendered.*

Delivered March 21, 1894.