We therefore recommend that both questions be answered in the negative.

CURETON, C. J. The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

CISCO & N. E. RY. CO. v. DIEFENDERFER et al. (CLIFT, Intervener).

(No. 1312-5403.)

Commission of Appeals of Texas, Section A. Feb. 5, 1930.

John W. Mackey, of Breckenridge, and G. O. Bateman, of Dallas, for plaintiff in error.

Ben J. Dean, of Breckenridge, for defendants in error.

CRITZ, J. This suit was originally brought in the district court of Stephens county, Tex., by Cisco & Northeastern Railway Company against R. C. Diefenderfer for the purpose of foreclosing a chattel mortgage upon a certain rock crushing outfit and to collect an indebtedness for certain moneys advanced by the railway company to Diefenderfer for the purpose of enabling him to carry out the terms of a contract between him and the railway company, in which contract Diefenderfer was to furnish a certain amount of crushed stone to be used by the railway company in ballasting its roadbed; the railroad company claiming that it had an agreement with Diefenderfer to the effect that such advancement should be repaid out of the amount to accrue to Diefenderfer under the terms of the contract.

J. A. Clift, defendant in error, filed a petition in intervention in the district court, which petition, omitting formal parts, we copy below:

"That this intervenor is interested in the subject matter of this suit, in that heretofore, to wit, on or about November 1, 1922, this intervenor was employed by the defendant, R. C. Diefenderfer, under oral contract, whereby it was agreed that this intervenor was to quarry, haul and crush stone to be used by the defendant upon the roadbed of the plaintiff herein, to repair said roadbed, and to furnish all teams and equipment for the work, necessary to perform same, and the defendant was to pay intervenor the sum of 35 cents and 45 cents per cubic yard for the work and labor in quarrying, hauling and crushing said stone, depending on the distance it was hauled as to the price, and that intervenor performed the terms of his contract, and quarried, hauled and crushed said stone in the quantities at the prices, and on the dates set out in intervenor's Exhibit A hereto attached and made a part hereof, and that by virtue of the performance of said contract, said defendant became obligated to pay and promised to pay intervenor the amounts set out in said Exhibit A being a balance due of $407.98; and that though often requested defendant has hitherto failed and refused to pay the same and still fails and refuses to pay the same.

"This intervenor would further show to the court that on or about November 15, 1922, he gave to said defendant an itemized, duplicate statement of his services and the amount of stone quarried, hauled and crushed and the rates of the same corresponding with his Exhibit A hereto attached and that on or about Nov. 29, 1922, intervenor gave J. P. Flynn, receiver in this cause, who has charge of all the property of said defendant, an itemized duplicate statement corresponding with intervenor's Exhibit A; and that on or about Nov. 29, 1922, he filed in the office of the County Clerk of Stephens County, Texas, his itemized, duplicate account verified as required by law, which said account is of record in Vol. 9, page 10, of the Laborer's and Materialmen's lien records of Stephens County, Texas, and that he is entitled to have said lien foreclosed upon the products, machinery, tools, fixtures and appurtenances created in whole or in part by his labor or necessarily connected therewith, owned by defendant, and now in the hands of J. P. Flynn, receiver herein.

"That he is entitled to and has a lien upon said railroad and equipments by virtue of his labor and furnishing teams and tools in repairing said railroad, and is entitled to have the same foreclosed."

The railroad company interposed a general demurrer, and general denial to the petition of intervener, and specially denied that he had any lien against the rock crushing machinery and equipment which were superior to its lien or any lien upon the railway company's railroad, etc.

No defense was made by Diefenderfer, and we are not concerned with him on this appeal.

The trial court overruled the general demurrer of the railway company to intervener's petition to which exception was duly made, and trial was had before the court without a jury, which resulted in a judgment in favor of intervener for $207.95 with the establishment and foreclosure of a lien upon the railroad, etc., of the railway company.

The railway company duly appealed to the Court of Civil Appeals for the Eleventh District of Eastland, which court affirmed the judgment of the trial court. 13 S.W.(2d) 126.

Justices Funderburk wrote the opinion, but dissented therefrom in part.

The Court of Civil Appeals holds that intervener was not entitled to a lien upon the roadbed, etc., of the railway company, under the provisions of article 5452 et seq., R. C. S. of Texas, 1925. We agree with this holding, and no purpose would be served by our writing further on this question.

The majority of the Court of Civil Appeals holds that intervener was entitled to a lien upon the railroad, etc., of the railway company under the provisions of article 5480, R. C. S. of Texas, 1925.

Justice Funderburk dissented from this holding for several reasons given by him and set out in the opinion.

The opinion correctly shows: "There was no evidence whatever that appellee performed any labor or work with teams or tools in repairing the railroad. The very most that the evidence shows is that he quarried, hauled,

and crushed rock. There is not even any evidence that he delivered the rock anywhere near the railroad." An examination of the statement of facts shows that this holding is borne out by the facts.

We are inclined to agree with the dissenting opinion as to the sufficiency of the petition to plead a cause of action against the railway company under article 5480, when tested by the general demurrer. A careful reading of the petition shows clearly that it was an attempt to plead rights and liens under article 5452, et seq., and not under 5480. However, we do not deem it necessary to finally decide this question, as even if it be conceded that the petition is sufficient as against a general demurrer to state a cause of action under article 5480, there is no evidence in the record to sustain it. On the other hand, the evidence negatives conclusively any right of intervener to a lien under the last mentioned article.

The intervener himself testified as follows: "'My name is J. A. Clift. I live at Lamesa, Texas, and have lived there since January 8th, 1923. During the month of November, 1922, I resided at Leeray, Stephens County, Texas, and during that month I engaged in quarrying and hauling rock to a rock crusher. I was employed by R. C. Diefenderfer of Ranger, Texas. I am acquainted with R. C. Diefenderfer, and have known him since August, 1922. I first met him at the rock crusher at Leeray, Texas. I saw him last on or about November 6th, 1922, at the same place. By the terms of my contract with Mr. Diefenderfer, I was to furnish all teams, wagons, labor and other equipment to gather, load and haul a sufficient amount of rock to keep the crusher running during working hours, and if he needed the services of my men at any time to assist him in quarrying rock, I was to assist him with my men when called on by him. Should I, at any time, need assistance from him or his men, which I did at times, he was to assist me in loading and hauling rock to the crusher. This part of our contract was very thoroughly gone into by both of us, for the reason that he was crushing rock for a stated price per cubic yard and the rock could not be crushed until they were quarried and hauled. I was hauling rock for a stated price and could not haul any rock until they were broken up. * * * Mr. Diefenderfer was to pay me thirty-five cents for all rock gathered, hauled and delivered within a radius of one quarter mile of the crusher, forty-five cents for all rock gathered, hauled and delivered between the one

quarter and one half mile radius; an increase of ten cents between the three quarter and one mile radius and an additional ten cents for each quarter of a mile up to two miles. This price was per cubic yard. For all other work around the crusher, including quarrying rock, I was to be reimbursed for all money paid out and in addition thereto $7.00 a day for each team which I had to use in assisting him in his end of the contract. I made my contract with R. C. Diefenderfer. It had been in force since September 10th, 1922, or about then, and ended when the Receiver came out and notified me that he had taken charge of all Mr. Diefenderfer's business. That was about November 20th, 1922. The contract was terminated by the Receiver.'"

Thus from the above evidence it is seen that the intervener did not perform labor on the railroad, but merely furnished labor, teams, wagons, etc., to gather, load, and haul a sufficient amount of rock, to keep the rock crusher of the party who had the contract with the railway company running. There is no evidence that he ever delivered any rock on the railroad. Under such a record there is absolutely no evidence to sustain a judgment under article 5480. St. L. A. & T. Ry. Co. v. Mathews, 75 Tex. 92, 12 S. W. 976; National Bank of Cleburne v. G., C. & S. F. Ry. Co., 95 Tex. 176, 66 S. W. 205; St. L. S. W. Ry. Co. v. Lyle, 6 Tex. Civ. App. 753, 26 S. W. 264; Krakauer v. Locke, 6 Tex. Civ. App. 446, 25 S. W. 700 (Writ Refused); Parks v. Locke (Tex. Civ. App.) 25 S. W. 702 (Writ Refused); E. T. R. Co. v. Foley, 30 Tex. Civ. App. 129, 69 S. W. 1030; Ft. Worth & D. C. Ry. Co. v. Read Bros. (Tex. Civ. App.) 140 S. W. 111 (writ refused).

The facts in this case show to be fully developed, and no purpose can be served by remanding it for a new trial.

We therefore recommend that the judgment of the trial court in so far as it awards the intervener any relief against the railroad company, and the judgment of the Court of Civil Appeals affirming that judgment, be both reversed, and judgment be here rendered on the controversy between intervener and the railway company, for the railway company.

CURETON, C. J. The judgments of the Court of Civil Appeals and the district court are in part reversed and rendered in favor of the plaintiff in error, and in part affirmed, as recommended by the Commission of Appeals.