**AUSTIN BRIDGE CO. v. DRAKE et al.**
**No. 1545.**

Court of Civil Appeals of Texas. Waco.
Feb. 7, 1935.

Rehearing Denied March 7, 1935.

Turner, Rodgers & Winn, of Dallas, for appellant.

P. M. Rice and S. R. Allen, both of Hamilton, for appellee.

ALEXANDER, Justice.

In November, 1932, Austin Bridge Company entered into a written contract with the State Highway Department to construct a bridge in Hamilton county. Lawton Drake and others performed labor for S. D. West, an alleged subcontractor on the job. Drake, for himself and as assignee of the other laborers, brought this suit against West and the Austin Bridge Company to recover for the wages due said laborers for said work. The case was submitted to the court on an agreed statement of facts and resulted in a judgment for plaintiff against both defendants, jointly and severally, for the sum of $515.27. The Austin Bridge Company alone appealed.

The contract between Austin Bridge Company and the State Highway Department was in writing and obligated said contractor to furnish all necessary labor and material and to construct a bridge of steel and concrete across the Leon river on one of the state highways. The Austin Bridge Company entered into the usual penal bond, as required by Rev. St. art. 5160, as amended (Acts 1929, 41st Leg., p. 481, c. 226 [Vernon's Ann. Civ. St. art. 5160]). In order to secure the gravel necessary for the concrete work required in the construction of the bridge, the Austin Bridge Company purchased from a third party the right to take gravel from a gravel bed that was located about one mile from the place where the bridge was to be built. The Austin Bridge Company then entered into a written contract with S. D. West, by which the former agreed to furnish a suitable screening plant set up at the gravel pit ready for operation and all fuel necessary for operating same, and the latter, for a stipulated price per yard, agreed to furnish, at his own expense, all other equipment, and the necessary labor, and to mine, screen, and deliver at the site where the bridge was to be erected the gravel necessary for the construction of the bridge. Drake, and the others whose assignments he holds, performed labor for West in stripping the gravel bed and in mining and screening the gravel used in constructing the bridge. Drake, individually, and as assignee, attempted to comply with the provisions of Revised Statutes, article 5160, as amended, by filing a sworn claim for the amount due for such labor with the county clerk of Hamilton county. Said claim did not itemize the amount of the work performed by each laborer but merely listed the total number of dollars claimed to be due each laborer and stated that same was for labor "performed at various dates from November 24, 1932 to February 5, 1933." A copy of such claim was furnished to West and the Austin Bridge Company. In March, 1933, Drake notified the State Highway Department of his claim, and that department withheld from the Austin Bridge Company enough of the amount due it under its contract to cover Drake's claim. Thereafter Austin Bridge Company executed the necessary release bond, as authorized by Vernon's Ann. Civ. St., article 5472a (Acts 1929, 41st Legislature, 2d C. S., p. 154, c. 78

[Vernon's Ann. Civ. St. art. 5472b—1]) and secured possession of the funds due it.

■ Appellant's first proposition is that West was not a subcontractor under the Austin Bridge Company, within the meaning of either Revised Statute, art. 5160, as amended, or article 5472a, so as to authorize those who labored for him to recover from the Austin Bridge Company for their services. More specifically, its contention is that the work contracted to be done by West, and which was actually performed by appellee and his assigns as employees of West, was not performed on the structure and was not required to be done under the terms of the contract between the State Highway Department and the Austin Bridge Company, and hence the Austin Bridge Company is not liable to such laborers for their unpaid wages.

Each of said articles, 5160 as amended and 5472a, provides in effect that all persons supplying a contractor with labor or material in the prosecution of any public improvements, such as here under consideration, may fix a claim for such labor or material by complying with the provisions of said article. While one who furnishes material for the prosecution of such work may fix a claim for the value of such materials, ordinarily those who labor for such a furnisher of materials cannot fix a claim against the original contractor for the value of the services rendered by them in the manufacture of such materials. St. Louis, A. & T. Ry. Co. v. Mathews, 75 Tex. 92, 12 S. W. 976; St. Louis S. W. R. Co. v. Lyle, 6 Tex. Civ. App. 753, 26 S. W. 264; Haynes v. Holland (Tenn. Ch. App.) 48 S. W. 400. On the other hand, one who labors for a subcontractor, in the prosecution of any part of the work required under the original contract, may, upon complying with the statutes, fix a claim for his wages. Whether or not one should be classed as a materialman, or as a subcontractor engaged in the prosecution of the work required of the original contractor, is sometimes a difficult question. In the case at hand, the question, we think, depends not only on the character of work contracted to be performed by West, the alleged subcontractor, but also on the policy adopted and pursued by the original contractor in the carrying out of the original contract. The Austin Bridge Company was under obligation to provide all materials necessary for the construction of the bridge. Gravel was an essential element. It could have purchased this material from a materialman engaged in that business, and in that event those who labored for such materialman in mining the gravel could not have fixed a claim against the original contractor for their wages. But the original contractor did not adopt this policy. Here, the Austin Bridge Company undertook to mine its own gravel for use in the structure. By the adoption of this policy, it made the mining, screening, and hauling of the gravel an essential part of the work required to carry out its contract. In carrying out this policy, it leased a gravel bed for the sole purpose of taking gravel therefrom to build this particular bridge. It furnished the machinery for screening the gravel and the fuel for its operation. West was contracted with to mine, screen, and haul the gravel. He was not engaged in the business of furnishing such materials and did not furnish any of the material in this instance. He furnished nothing but labor. This labor was essential in order to enable Austin Bridge Company to carry out the contract in accordance with the plan adopted by it. Consequently, West was a subcontractor, and those who labored for him in such work supplied labor in the prosecuting of the original contract within the meaning of the statute. 60 C. J. 669; Hess & Skinner Eng. Co. v. Turney (Tex. Civ. App.) 207 S. W. 171-175; Republic Supply Co. v. Allen (Tex. Civ. App.) 262 S. W. 113. The fact that the labor was not performed at the site where the bridge was being constructed was of no consequence. The Austin Bridge Company had full notice that the work was being performed and that it was receiving the benefit thereof in the performance of its contract. Under these circumstances we hold that those who labored for West, under his contract, could fix a claim against the original contractor upon compliance with the provisions of the statutes.

■ We sustain appellant's contention that appellee's claim was not sufficiently itemized to meet the requirements of Rev. Statutes, art. 5160, as amended; Ball v. Davis, 118 Tex. 534, 18 S.W.(2d) 1063; Hardin v. McCarthy (Tex. Civ. App.) 55 S.W.(2d) 1099; McClellan v. Haley (Tex. Com. App.) 250 S. W. 413; Union Ind. Co. v. Rockwell (Tex. Com. App.) 57 S.W.(2d) 90; and hold that, as a consequence, appellee was not entitled to recover by virtue of the provisions of said statute. Metropolitan Cas. Ins. Co. v. Texas Sand & Gravel Co. (Tex. Civ. App.) 68 S.W. (2d) 551, par. 6; C. A. Dunham Co. v. McKee (Tex. Civ. App.) 57 S.W.(2d) 1132, par. 2 (writ refused); Standard Sanitary Mfg. Co. v. Southern Surety Co. (Tex. Civ. App.) 59 S. W.(2d) 291 (writ refused); Employers' Liability Assurance Corp. v. Young County Lumber Co., 122 Tex. 647, 64 S.W.(2d) 339.

■■ However, it appears from the agreed statement of facts that appellee complied with the provisions of article 5472a, by filing notice of his claim with the State Highway Department, at a time when that department was indebted to the original contractor in an amount in excess of appellee's claim, and that the State Highway Department withheld from such original contractor a sufficient amount to pay the claim herein sued for. It further appears that the original contractor secured a release of the funds due it by filing a release bond, as provided in article 5472b—1. Said article 5472a provides, in substance, that any person who furnishes any labor to any contractor for any public improvements in this state shall have a lien on the moneys due or to become due to such contractors for such improvements, provided notice in writing is given to the proper authorities as therein provided, before the funds due the contractor are paid to him. Since appellee fully complied with the provisions of the above article, he was entitled to a lien on the funds owing by the State Highway Department to the original contractor at the time of the service of such notice, and upon the filing of the release bond he became entitled to recover against both the principal and surety thereon for the amount of his claim, notwithstanding the fact that he had failed to comply with the provisions of Revised Statutes, art. 5160, as amended. Texas Co. v. Schriewer (Tex. Civ. App.) 38 S.W.(2d) 141; Smith v. Texas Co. (Tex. Com. App.) 53 S.W.(2d) 774; Huddleston & Work v. Kennedy, 122 Tex. 182, 53 S.W.(2d) 1009. In this instance the appellee did not sue the surety on the release bond, but this was immaterial. He had a right to recover against the principal on its obligation without the necessity of making the surety a party to the suit.

The judgment of the trial court is affirmed.