## DUNN v. HANKINS.
### No. 10517.

Court of Civil Appeals of Texas. San Antonio.

April 26, 1939.

Asa H. Moore, of La Feria, for appellant.

Crane & Glarner, of Raymondville, for appellee.

MURRAY, Justice.

This suit was instituted by Richard Hankins, as plaintiff, in the County Court of Willacy County, against the Palm Valley Canning Company, a partnership composed of Geo. B. Russell and G. W. Russell, and later by amended pleadings J. C. Dunn and La Feria Canning Company, alleged to be owned by J. C. Dunn, individually, were brought into the suit as defendants.

Hankins alleged that the Palm Valley Canning Company had entered into a contract with him, whereby he was to take his own hands, his own trucks, and his own tools and go out in the field in and near to Willacy County and cut and haul to said canning factory in Raymondville such spinach as he was instructed to cut and haul. He was to receive $8 per ton for such services where the Canning Company paid the farmer for his spinach, and $12 per ton where Hankins had paid for the spinach.

It is undisputed that acting in keeping with this contract Hankins with his employees, trucks and tools, cut and hauled a large quantity of spinach to the Palm Valley Canning Company, and that he has due him the sum of $509.65 for such cutting and hauling.

Plaintiff below further alleged that J. C. Dunn was in reality operating and using the Palm Valley Canning Company as his own, in that he was either buying the spinach from it as it was canned, or just before it was canned, and that Dunn saw Hankins laboring in bringing such spinach into the canning plant and knew that Hankins was a laborer in the gathering and manufacturing such spinach and that Dunn furnished the pay roll to pay the hands for part of the time that Hankins was delivering the spinach to the plant, and knew that the money was being used for this purpose and that Dunn had delivered check to plaintiff and to other persons working at the canning plant, and that for these and other similar reasons Dunn was in fact running the Palm Valley Canning Company, and was personally responsible for the debt asserted by plaintiff.

Plaintiff below further alleged that Dunn had purchased all of the spinach canned by the Palm Valley Canning Company. The spinach would be placed in a warehouse and the negotiable warehouse receipt transferred to Dunn. Dunn paid for this spinach partly in cash and partly by giving credits upon a pre-existing debt.

The case was tried to a jury who found, in answer to the issues submitted, that: Hankins had gathered and hauled for the Palm Valley Canning Company 33,020 lbs. of spinach, for which he was to receive $8 per ton, and 66,800 lbs. for which he was to receive $12 per ton, and that the Palm Valley Canning Company, G. W. Russell and Geo B. Russell were indebted to him in the sum of $509.65. There seems to be no criticism of these findings. The jury further found that the 400 cases of canned spinach on which an attachment lien had been created was the same spinach that plaintiff had cut and hauled to the cannery; that Dunn had notice that the plaintiff was cutting and hauling the spinach at the time the work was done; that the work done by Hankins in cutting and hauling the spinach was actually done for Dunn; that Dunn actually received all the spinach that Hankins cut and hauled to the plant; and that Dunn paid for the spinach partly by cash and partly by crediting a pre-existing debt.

Based upon this judgment the court below entered judgment against Palm Valley Canning Company, G. W. Russell and Geo. B. Russell for the sum of $509.65, and further decreeing a foreclosure of a laborer's lien on 400 cases of spinach which had been attached, and also a foreclosure of a sequestration lien upon the same. The judgment also gave a personal judgment against J. C. Dunn in the sum of $509.65; but further provided that the 400 cases of spinach should first be sold and whatever sum thus received first applied to the pay-

ment of the $509.65, and that thereafter execution might issue against Dunn for any unpaid balance.

From this judgment J. C. Dunn alone has prosecuted this appeal.

Appellant, Dunn, first insists that his general demurrer to appellee's second amended original petition should have been sustained and not overruled by the trial court. The petition was certainly sufficient to state a cause of action against the other defendants and for this reason alone the general demurrer should not have been sustained.

Appellant next contends that the court should have given his request for an instructed verdict as the evidence was insufficient to sustain any judgment against him. We sustain this contention. All of the facts established with reference to Dunn's connection with the Palm Valley Canning Company were insufficient to connect him as a partner or owner of the business. In fact, it was alleged that the Palm Valley Canning Company was a partnership composed of G. W. Russell and Geo. B. Russell, and this alone would preclude the idea that Dunn was the owner of the business, or a partner with the Russells. The fact that Dunn bought all the spinach canned or furnished some of the money to meet the pay roll of the business would not make him a partner in the business.

We next come to the question as to whether or not Hankins had a laborer's lien upon the canned spinach which had been placed in a warehouse and sold to Dunn. Hankins was not a laborer, he was a contractor. He does not contend that he did the work of cutting and hauling the spinach, but rather that he hired the men, furnished the trucks and the tools and supervised such work.

Art. 5483, Vernon's Ann.Civ.St., provides, among other things, in effect, that a farm hand has a first lien to secure his wages upon all products, goods, etc., that may be created in whole or in part by his labor. This article does not, however, give a contractor a lien on the produce he has contracted to cut and haul. In Sparks v. Crescent Lumber Company, 40 Tex.Civ.App. 222, 89 S.W. 423, 424, it is said: "Under these provisions the appellant contends that the claims of Dowdle, Crain, and their assignees are not secured by a lien because the statute applies to laborers, and Dowdle and Crain were not laborers under any proper definition of that term. We are of

opinion the contention is sound. The word 'laborer' means one who labors with his hands for wages, and does not include one who contracts for the hauling of lumber with his wagon and team at a fixed price per 1,000 feet of lumber hauled."

We conclude there was no basis for the judgment against Dunn, nor for the foreclosure of the alleged lien on the 400 cases of spinach. Accordingly the judgment insofar as it gives a personal judgment against Dunn and a foreclosure of the alleged lien on the 400 cases of spinach will be reversed and set aside, and judgment here rendered that appellee, Hankins, take nothing as against Dunn, and that he be denied a foreclosure of any lien against the 400 cases of spinach.

The judgment insofar as it allows a recovery against the Palm Valley Canning Company, G. W. Russell and Geo. B. Russell in the sum of $509.65, will be affirmed. The costs of this appeal will be taxed against Richard Hankins, and J. C. Dunn will recover all costs of this or the court below expended by him.

Reversed and rendered in part, and affirmed in part.