**FORT WORTH LLOYDS v. MILLS et al.**
**No. 12001.**

Court of Civil Appeals of Texas. Galveston.
June 17, 1948.
Rehearing Denied Sept. 30, 1948.

Adams & Morgan, of Crockett, Kemper, Wilson & Schmidt, all of Houston (Eugene J. Wilson, of Houston, of counsel), for appellant.

Kennedy & Granberry, of Crockett, for appellees.

GRAVES, Justice.

This is a workmen's compensation case. Fort Worth Lloyds, appellant, as the compensation carrier for McCreless Lumber Mills, Inc., resorted to the District Court of Houston County, Texas, from an unsatisfactory award of the Industrial Accident Board allowing Verlina Mills, as the surviving wife of Edgar (Ed) Mills, and their minor children, death-benefits under the Workmen's Compensation Act of Texas.

In the trial court a judgment was entered on a jury verdict in favor of Verlina Mills and her minor children on their cross-action claiming death-benefits against appellant.

The appellees (claimants) conceded on the trial that Edgar Mills was not an employee of McCreless Lumber Mills, Inc., the assured, in the usual sense, and sought recovery solely under the provision of Art. 8307, Sec. 6, of the Workmen's Compensation Law.

On the appeal, as is in effect conceded by both sides, the major question presented to this Court is: Does the provision of Sec. 6, Art. 8307, R.C.S.1925, make the appellant liable to appellees, under the facts of this case?

The statute so invoked reads as follows:

"Art. 8307, sec. 6. Employee of subcontractor

"Sec. 6. If any subscriber to this law with the purpose and intention of avoiding any liability imposed by its terms sublets the whole or any part of the work to be performed or done by said subscriber to any sub-contractor, then in the event any employé of such sub-contractor sustains an injury in the course of his employment he shall be deemed to be and taken for all purposes of this law to be the employé of the subscriber, and in addition thereto such employé shall have an independent right of action against such sub-contractor, which shall in no way be affected by any compensation to be received by him under the provisions of this law. Acts 1917, p. 269."

"The facts of this case," so conceded by the parties to pose the main question of law here involved—that is, the construction and application of the quoted statute to the subject matter of the suit—as determined by the trial court to have been heard there, were submitted by it in the special-issues it gave to the jury; upon the verdict, in response thereto, the described judgment, amounting to some $6306.96 of damages in favor of the appellees against the appellant was rendered.

Such reduction by the parties of the issues on appeal has eliminated all others of these inquiries, except Special-Issue No.

1, which, together with the jury's answer thereto, was as follows:

"No. One. Do you find from a preponderance of the evidence that on the 11th day of September, 1946, Arch Holcomb was an independent contractor or a subcontractor to whom McCreless Lumber Mills, Inc., had sub-let a part of the work to be performed in the lumber business by said McCreless Lumber Mills, Inc., for the purpose of avoiding liability, or a part thereof, imposed by the Workman's Compensation Law of Texas, on McCreless Lumber Mills, Inc.?

"Answer: Yes"

In so grounding the judgment on the affirmative answer of the jury to that one inquiry as embodying the only material issue of fact left, the court thus declared its conclusion of law as controlling the disposition of the entire controversy:

" * * * the Court here now concludes, as a matter of law, finds, and is of the opinion, that the legislature in enacting Section 6 of Art. 8307 Rev. Civil Statutes of Texas, made no distinction between subcontractor, in the technical meaning of such word, and independent contractor, in the technical meaning of such word, but intended to cover by said section any employee of any person to whom a subscriber let or contracted any part of the work to be performed or done by said subscriber, and that therefore Special Issue No. 1 is not duplicitious, and that there was and is no necessity for a definition of the term 'subcontractor' or of the term 'independent contractor,' and that * * * the said motion of Plaintiff and Cross-Defendant [Appellant] for judgment notwithstanding the verdict was and is overruled * * *."

In this Court, as it did below, appellant challenges: (1) Not only the soundness of the trial court's recited construction of quoted Sec. 6, but further, (2) urges that— were Sec. 6 conceded to be comprehensive enough to include within its phraseology the term "independent contractor" as well as "sub-contractor"—the appellees signally failed to meet the burden of showing by the evidence that the McCreless Lumber Mills, Inc., as a subscriber to the Workmen's Compensation Law, "with the purpose and intention of avoiding any liability imposed by its terms sublet the whole or any part of the work to be performed or .done by said subscriber to any sub-contractor."

This Court is constrained to sustain both of these points of error.

As concerns the construction of Sec. 6 of the Act, it would seem that no authoritative decision thereon has heretofore been rendered by a Texas Appellate Court; this appears to be conceded by both parties who, alike in consequence, have resorted to the jurisprudence of other states, and have cited a number of decisions and authorities therefrom as being persuasive of their respective views as to how the Texas Act should be interpreted.

A review of a number of such acts in other jurisdictions discloses such a variation in the wordings of the statutes, and such dissimilarities to our Sec. 6, as neither to justify an extended review thereof here, nor, as seems to this Court, to furnish much aid in the construction of our own provision.

Our Act was passed in 1917, which amended the original Compensation Law of 1913, and, in view of its present discriminating verbiage, it seems significant, if not indeed convincing to this Court, that, while our original Act in 1913 created such liability as was so found by the trial court to exist in the present Sec. 6, even in the absence of any "intent," the new Act has not only made the "intent" a vital ingredient, but the Legislature further saw fit to leave out of the provisions thereof independent contractors, who had entered into contracts for the performance of service and over whom the employer had no right of control.

In other words, " * * * The Legislature itself distinguished an independent contractor from that of a subcontractor, when the amendment was passed. Hence, it cannot be said now that Section 6 of Article 8307 embraces independent contractors, when the purpose of the very amendment was to delete them from the scope of the Act. Had the Legislature not so amended the Act in 1917, then Appellees might have successfully maintained their contention, that the terms 'independ-

ent contractor' and 'subcontractor' are synonymous, for the purpose of the Workmen's Compensation Law. To now urge that the term 'subcontractor,' as used in Section 6, Article 8307, R.C.S.1925, is synonymous with independent contractor, would seem unsound for the two terms have distinct significations in the eyes of the law and in the decisions of the courts."

Without further discussion, it is held that the trial court erred in its quoted construction, and that such Statute as so applied here, may not properly be held to be comprehensive enough to include within its meaning the term "independent contractor," as well as "sub-contractor."

It is clear, even without any extended review thereof, that at the time in 1917 when the present Act was so amended, all these terms of "independent contractor," "contractor," "sub-contractor," "employer," and "employee," had well-defined meanings in our jurisprudence; not only so, but that no two of them were either interchangeable or synonymous, each having its niche in the construction and operation of our system, especially in our Compensation Laws. Cunningham v. International R. Co., 51 Tex. 503, 510, 32 Am.Rep. 632; Smith v. Humphreyville, 47 Tex.Civ. App. 140, 104 S.W. 495, 498; Austin Bridge Co. v. Drake, Tex.Civ.App., 79 S. W.2d 677; Shannon v. Western Indemnity Co., Tex.Com.App., 257 S.W. 522; San Marcos Baptist Academy v. Burgess, Tex. Civ.App., 292 S.W. 626; 50 A.Jur., P. 255, Sec. 265; Brown v. Darden, 121 Tex. 495, 50 S.W.2d 261; Allen et al. v. Republic Bldg. Co. et al., Tex.Civ.App., 84 S.W.2d 506, 509; Hardware Mut. Cas. Co. v. Hilderbrandt, 10 Cir., 119 F.2d 291, 297; May v. Consolidated Underwriters, Tex.Civ. App., 170 S.W.2d 295, er. ref., w.m.

Moreover, the Legislature, in choosing the wording it so passed this amended Act under, was presumed to be aware of and to be applying those classifications and adjudicated meanings. 59 Corpus Juris, Paragraph 600, Pages 1008, 1009, footnotes 22 and 23, and cited authorities. So much for the construction of the statute.

When the evidence is looked to, it seems clear to this Court that the testimony as a whole presented no more than a scintilla of proof, if that much, tending to show that appellant-Lumber Mills, with the purpose of avoiding any liability imposed upon it by the Compensation Law, sublet any portion of the work to be done by it to any "subcontractor." Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

There is nothing concrete nor tangible presented showing that the Lumber Mills undertook in the first place to do any work for the sub-contractor, because the uncontroverted testimony showed that its only relationship with Arch Holcomb (claimed by the appellees to have been a "sub-contractor"), who was in the "saw-mill business," was to lease him an edger and motor, constituting what was called a "mill"; that the terms of such lease were that Holcomb pay the Lumber Mills as rental so much per thousand board-feet of the lumber that he cut; that the Lumber Mills paid him in money for the timber so delivered by him to it once a week, and that he, Holcomb, employed some 20 or more men in his saw-milling operations, one of whom was Edgar Mills, the appellees' deceased husband and father, who had been killed in the woods, when hit by a tree.

That was the sole course of business between those two, without, as indicated, any contradiction of or added detail as to that single relationship by any evidence of any probative force.

In fact, all the appellees offered in this connection was the statement of their witness, Jack Beasley, Sr., who testified, not to any fact he knew of, or of any relation he sustained to either the Lumber Mill or Holcomb, but as an insurance-man, familiar with workmen's compensation policies, and how the amount of the premiums charged for them was figured.

In response to a hypothetical question only, he then further testified to this effect: That any premium paid on a workmen's compensation insurance policy was based upon the classification of the type of work covered by such insurance, and that the amount of the premium payable thereon was determinable upon the basis of the

payrolls of the assured. His conclusion on the matter was, in substance, that if a saw-mill operator reduced the number of his employees, he would, by that action reduce the premium due under his workmen's compensation policy.

That opinion of his was merely, at most, a demonstration of the obvious, hence did not constitute any evidence whatsoever within the meaning of our adjudications. 17 Tex.Jur., P. 908; Joske v. Irvine, supra, 91 Tex. 574, 44 S.W. 1059; Stewart v. Miller, Tex.Civ.App., 271 S.W. 311; Kansas City Southern Ry. Co. v. Carter, Tex. Civ.App., 166 S.W. 115.

On the contrary, as to the status in the controversy of Arch Holcomb, the proof was uncontroverted, as indicated, that he was an independent contractor, in the pursuit of his saw-milling business on his own resources, directly employing all the workers in such business that he needed, of whom Edgar Mills was one, and paying them himself, and was supposed to carry compensation-insurance, like all other employers, to protect them.

Finally, there was not a syllable of testimony attaining the dignity of evidence, that could by any fair inference even, as this Court reads this record, metamorphose that relationship into one covered by the statute so appealed to in behalf of the appellees herein.

Since the appellees' cause appears to have been fully developed below, under a full disclosure apparently made of all the relationships existing, disclosing a complete absence of any probative proof tending to indicate that appellant's assured, the Lumber Mills, Inc., had sublet any part of work to be performed by it to Arch Holcomb, who was shown to be an independent-contractor with reference thereto, it follows that the recovery in their behalf cannot be permitted to stand.

While other errors—of a procedural nature—are claimed, they are not passed upon, since at most they could only entail a remand for another trial.

Pursuant to these conclusions, the judgment is reversed and the cause rendered in appellant's favor.

Reversed and rendered.