**COTTON BELT STATE BANK, TIMPSON,**
Texas, Appellant,

v.

**ROY H. HATCHERIES, INC., Appellee.**

No. 3947.

Court of Civil Appeals of Texas.

Waco.

Nov. 2, 1961.

Lawrence & Lawrence, Tyler, for appellant.

McDaniel, Hunt & Fairchild, Center, for appellee.

WILSON, Justice.

This is a non-jury action to recover the amount of a check. Stripped of complicated, but non-essential facts relating to legal issues on which the parties squarely meet, appellee summarizes the case as follows: It entered into a custom hatching contract with a feed company under which

the latter furnished eggs to appellee corporation. "The appellee would set said eggs in its machines and transform the eggs by hatching them in appellee's machinery into baby chicks", requiring services of trained operating personnel in the incubation process. Under its contract to pay 2¢ per chick for these services, the feed company issued the subject check to appellee, drawn on a Garrison bank. It was returned for insufficient funds. Various transactions not material here culminated, according to appellee's pleadings, in appellant's statement that it was liable on the check and the check would be paid by it. Shortly thereafter the drawer of the check was adjudged a bankrupt.

Appellee alleged that appellant was estopped to deny liability on the check because, except for reliance on the latter's statement, it would have fixed an artisan's or laborer's lien against the chicks and sued for foreclosure before bankruptcy. Appellant's exception to this pleading on the ground that the facts alleged could not give rise to an artisan's or laborer's lien was overruled, and this contention is the basis of its first point. Judgment was rendered for the amount of the check.

■ Appellee says it could have acquired a lien under Arts. 5483–5487, Vernon's Ann. Civ.Stats., or Article 16, Section 37, Texas Constitution, Vernon's Ann.St. Without respect to whether estoppel was available, an essential element required to be established thereunder was that appellee relied or acted on the pleaded representation "to his prejudice." Gulbenkian v. Penn. 151 Tex. 412, 252 S.W.2d 929, 932. If it could not have acquired the lien pleaded in any event, this indispensable element of prejudice is lacking.

■■ Appellee, in our opinion, is not in any of the categories named in Art. 5483 which include "servant", "artisan", "craftsman", factory or mill operator, "mechanic" and "farm hand". Even if its hatchery is considered as one of the places of labor or service named therein: office, store, hotel, boarding house, restaurant, shop, factory, mine or mill, it is uniformly held that the statute relied on gives a lien only to those who labor for wages, and not to their employer who contracts with another to render services under such a contract as is here pleaded. St. L. A. & T. Ry. Co. v. Matthews, 75 Tex. 92, 12 S.W. 976; Dunn v. Hankins, Tex.Civ.App., 127 S.W.2d 983, 985; Farmers' Elev. Co. v. Advance Thresher Co., Tex.Civ.App., 189 S.W. 1018, 1021, writ ref.; Jackson v. Downs, Tex.Civ. App., 149 S.W. 286, 287; Sparks v. Crescent Lbr. Co., 40 Tex.Civ.App. 222, 89 S.W. 423, 424, writ ref.; Lindale Brick Co. v. Smith, 54 Tex.Civ.App. 297, 118 S.W. 568, 571, writ ref.; Barton v. Wichita River Oil Co., Tex.Civ.App., 187 S.W. 1043, 1045, writ ref.

■ Neither do we think appellee is a "mechanic", "artisan" or "material man" who has "made or repaired" an article within the terms of the Constitutional lien. By its incubation services it has neither "made" a chicken, nor "repaired" an egg. Hence, it could not have perfected the lien it pleaded so as to be preferred over other creditors in bankruptcy, and was not prejudiced in the respects claimed.

■ Appellee states it relied on two causes of action; the first being upon failure of appellant to return the check within 24 hours. The court sustained a special exception which eliminated this cause of action, and no cross-point is presented. It says it tried the case, recovered judgment, and here relies on the second stated cause of action: the theory of estoppel. An estoppel is defensive in character. "It does not create a cause of action. Its function is to preserve rights, and not to bring into being a cause of action." Southland Life Ins. Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660, 663; Massachusetts Bonding & Insurance Co. v. Dallas Steam Laundry, Tex.Civ. App., 85 S.W.2d 937, 940, writ ref. The judgment is not supportable on the only theory here urged, and is reversed. Judgment is rendered that appellee take nothing.