We have carefully reviewed the various informal bills and find no error.

The judgment of the trial court is affirmed.

Pope & Pope, Rio Grande City, Simon & Simon, Fort Worth, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

**ABLE FINANCE COMPANY, Appellant,**

**v.**

**Fred WHITAKER, Appellee.**

**No. 13986.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 3, 1962.

POPE, Justice.

This venue appeal concerns Section 12, Article 1995, Vernon's Tex.Civ.Stats. Plaintiff, Able Finance Company, has appealed from an order which transferred the case from Starr to Panola County. Plaintiff claims that it alleged an action upon a lien on realty in Starr County. The trial court could find no lien, nor can we.

Plaintiff alleged that S. H. Howell assigned an oil and gas lease to property located in Starr County to Fred Whitaker. Howell retained a production payment until he received the additional sum of $127,-500, plus six per cent per annum. The assignment excludes all idea that Howell re-

served a lien. Howell then conveyed the production payment to Able Finance Company, received all of his money and is no longer concerned in the transaction. Able Finance then owned the production payment, but not a lien. Sheppard v. Stanolind Oil & Gas Co., Tex.Civ.App., 125 S.W.2d 643. Able Finance alleged that it then procured a letter from Whitaker which created the lien. If a lien exists in favor of Able Finance it must be found in these words of the letter:

"This letter is to represent my agreement and obligation to furnish to Able Finance Company, or its successors or assigns, at its request a purchaser who will purchase for cash the unpaid balance due on said production payment, paying therefor the principal amount at that date unsatisfied, if said production payment has not been satisfied in full on or before twenty-four (24) months from and after the date hereof."

Able Finance alleged that it made the demand upon Whitaker and that he failed to produce a purchaser, and that a contract which obligated Whitaker to "furnish a purchaser" is a contract that Whitaker must "be a purchaser." It sued Whitaker for specific performance to compel him to buy the production payment personally, and claims an implied lien against Whitaker.

The first link of this reasoning is too weak a thread to hold the conclusion. We would need to change the word "furnish" to the word "be". As a matter of English, this would add to and change the intent of the contract. Moreover, the nature of the transaction is such as to exclude such an intent. Just as it would have been a simple thing to write a contract which obligated Whitaker to purchase instead of furnish a purchaser, it would have been equally simple to have created a lien upon a conventional loan by Whitaker from Able Finance to purchase from Howell. If it were the intent to create a lien in favor of Able Finance Company, the parties went the long

way around to do so. The ordinary object of such a transaction as this one is to avoid instead of create a lien. Hardwicke, The Purchase of Producing Oil or Gas Properties by Use of a Production Payment, 33 Tex.L.Rev. 848. Able Finance failed to allege a lien and the court properly granted the plea of privilege. Eoff v. Skinner, Tex. Civ.App., 244 S.W.2d 991; Wyche v. Moss, Tex.Civ.App., 243 S.W.2d 237.

The judgment is affirmed.