**Wilbur T. KNAPE, Appellant,**

v.

**L. P. DAVIDSON, Appellee.**

**No. 537.**

Court of Civil Appeals of Texas,
Tyler.

March 18, 1971.

Rehearing Denied April 15, 1971.

Wilbur T. Knape, pro se.

Kugle & Douglas, William H. Kugle, Jr., Athens, for appellee.

McKAY, Justice.

This is a venue case. Appellee L. P. Davidson brought suit in Henderson County against T. T. Hines of Van Zandt County and appellant Wilbur T. Knape of Dallas County, alleging that they were indebted to him in the sum of $2,337.20 for baling and storing in a barn 5,843 bales of hay. Davidson claimed a lien was created on the hay and asked for its foreclosure and for attor-

ney's fees. Knape filed a plea of privilege to be sued in Dallas County, and after hearing, the trial court overruled his plea and he brings this appeal.

Appellant Knape owned a farm in Henderson County which he leased by written contract to Tommy J. Hines. Davidson made an agreement with T. T. Hines, father of Tommy J. Hines, to furnish the equipment and labor to bale and put in the barn the hay in question on the farm for a price of forty cents per bale. Davidson used his own equipment and he personally operated the machinery which baled the hay and he had one boy running the rake. He got some help to put the hay in the barn. Davidson had no contact with Tommy J. Hines at any time. Davidson testified he did see Knape four or fives times while he was baling hay but did not know him and never had any conversation with him. This was the only contact between Davidson and Knape. Davidson testified he was a contractor and custom farmer and was not a day laborer "or anything like that." He also testified he did not mail Knape any duplicate of his claim nor did he file any copy with the County Clerk.

T. T. Hines testified he and his son, Tommy J. Hines, were "partners on everything" and therefore he had authority to contract with Davidson. He further testified that he knew that Tommy J. Hines had a written lease contract with Knape but that he had never read the contract; that Knape had a chance to sell the farm before the lease expired and "I told him we would give him the place back. * * * (A)fter I agreed to let him have the place back, he served a citation on me to move in ten days and not to move the hay."

Knape testified he had no conversation with T. T. Hines at any time concerning the lease and that Tommy J. Hines breached the lease agreement which resulted in the eviction of Tommy J. Hines by suit. He further testified he did not know the hay had been cut and baled until he discovered it in the barn when showing the farm to

the subsequent buyer. Knape said he did not receive any demand that he owed any money on the hay to anyone nor did he receive any notice of any lien or attempt to fix any lien. After the eviction of Tommy J. Hines, appellant Knape refused to release the hay.

■ The written lease between Knape and Tommy J. Hines provided for grazing and handling cattle as customary in cattle ranching, use of corrals, barns, and tenant houses and that the premises were to be used "in no other manner and for no other purpose whatsoever." Appellant Knape contends that appellee Davidson neither stated any grounds for venue in Henderson County nor produced any proof on the hearing; whereas appellee maintains that the case comes within subdivision 12 of Article 1995, Vernon's Ann.Tex.Civ.St.,[1] and that he had a lien under the Constitution of Texas, Article XVI, Section 37, Vernon's Ann. St.[2] Appellee alleged in his petition, as well as in his controverting plea that he had a lien. If appellee comes within this section, "the lien granted is not created by, and does not exist by virtue of, any instrument in writing or legislation since the constitutional provision is self-executing." Continental Radio Co. v. Continental Bank & Trust Co., 369 S.W.2d 359 (Tex.Civ.App., Houston, 1963, err. ref., n. r. e.). It should be pointed out, however, that the self-executing feature of the constitutional provision operates between the mechanic or artisan on the one hand and the owner of the property on the other. Rhoades v. Miller, 414 S.W.2d 942 (Tex. Civ.App., Tyler, 1967, n. w. h.); Irving Lumber Co. v. Alltex Mortgage Co., 446 S.W.2d 64 (Tex.Civ.App., Dallas, 1969, writ granted).

■ The rule seems to be well established by Morgan Farms v. Brown, 231 S.W.2d 790 (Tex.Civ.App., San Antonio, 1950, holding approved by the Supreme Court, Morgan Farms v. Murray, 149 Tex. 319, 233 S.W.2d 123), that venue may be sustained in the county where the property is located by alleging a lien upon such property without the necessity of proving a valid debt and lien. The Morgan Farms case has been followed by Ross v. Katy Employees Credit Union, 430 S.W.2d 49 (Tex. Civ.App., Dallas, 1968, n. w. h.); Agey v. Sidwell, 313 S.W.2d 313 (Tex.Civ.App., Amarillo, 1958, n. w. h.); McKinney v. Calvert Fire Insurance Co., 257 S.W.2d 452 (Tex.Civ.App., Eastland, 1953, mandamus overruled); Burt v. Bill Lisle Drilling Co., 401 S.W.2d 267 (Tex.Civ.App., Fort Worth, 1966, writ dismissed); and other cases.

In Able Finance Co. v. Whitaker, 360 S.W.2d 892 (Tex.Civ.App., San Antonio, 1962, n. w. h.), a subdivision 12 case, the court concluded that the plaintiff's pleading failed to allege a lien and therefore the plea of privilege was properly granted. In Texas International Products v. Mustex, Inc., 368 S.W.2d 27 (Tex.Civ.App., Fort Worth, 1963, n. w. h.), the court acknowledges the rule in *Morgan Farms* but says "the lien so plead, however, must be a lien of which the plaintiff is entitled to claim protective benefit." Mustex was a corporation and was held to be precluded from claiming any right to any lien contemplated by Article 5483, V.A.T.S.

■ Appellee's original petition [3] alleges that it is a suit for foreclosure of a lien

---

1. Lien.—A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated.

2. Sec. 37. Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made

or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens.

3. "II. This is a suit for foreclosure of a lien created in Henderson County, Texas, that the personal property against

and that the personal property against which the lien is asserted is located in Henderson County. He further alleges that he contracted with T. T. Hines to bale hay and put same in the barn for forty cents per bale, and that the ranch from which the hay was cut was "then and there under the control of T. T. Hines." It is noted that nowhere does appellee allege T. T. Hines was the owner of the hay, nor does he allege who was or that such owner was unknown.

Assuming, arguendo, that appellee's pleading was sufficient to allege appellant Knape was claiming some interest in the hay upon which appellee claimed a constitutional lien, the constitutional lien is self-executing only against the owner and, as against others, the statutory lien must be perfected. However, more serious questions are presented: (1) Is baled hay an "article" subject to a constitutional lien under Article XVI, Section 37? and (2) Is appellee, who alleges he is a contract hay baler, a mechanic or an artisan who is entitled to claim the protective benefits of the lien pled?

"The Constitution gives a lien to mechanics, artisans and materialmen on the buildings and articles made or repaired by them. These words are very comprehensive. The word 'articles' refers to personal property as distinguished from buildings * * *." 38 Tex.Jur.2d, section 9, page 547. Obviously, if baled hay is subject to the constitutional lien claimed here, it would have to be an "article" and it must have been "made or repaired" by one who was an artisan or a mechanic. Cotton Belt State Bank, Timpson v. Roy H. Hatcheries, Inc., 351 S.W.2d 325 (Tex.Civ.App., Waco, 1961, n. w. h.).

We have concluded, however, that these questions should be determined by the court on a trial on the merits unless appellee's pleading shows conclusively that the property is not an "article" or that appellee Davidson is not an "artisan" and therefore not entitled to claim the protective benefits of the lien pled. We recognize that to be sued in the county of your domicile is a valuable right; however, the requisites seem to have been met by appellee's pleading, and he is not required to prove a valid debt and lien for venue purposes under subdivision 12. Morgan Farms v. Brown, supra. Under other exceptions to the venue statute, it is necessary to plead and *prove* a prima facie case; whereas, under subdivision 12, such proof is not required. Appellee was required to plead the nature of his claim and that the property was in the county where the suit was filed. This he has done. Since the *Morgan Farms* case, however, there

which the lien is asserted is located in Henderson County.

"III. Heretofore, during the month of September, 1969, the plaintiff at the special instance and request of the defendant, T. T. Hines, went upon a ranch in Henderson County, Texas, which was then and there under the control of the said T. T. Hines and perfected certain labor as an artisan, to-wit: the baling of hay. The plaintiff furnishing his own equipment and utilizing his special skill cut grass and baled 5,843 bales of hay and placed said hay in a barn on the ranch. The ranch in question is known as the Lindsey Ranch and is located on the Leagueville Road 8½ miles East from the City of Athens.

"IV. The work performed by plaintiff which resulted in the making of 5,843 bales of hay was done pursuant to the price of 40¢ per bale. Accordingly, the defendant, T. T. Hines, became indebted to the plaintiff in the sum of $2,337.20. Although numerous demands have been made upon defendant, T. T. Hines, for the payment of said sum defendant has wholly failed and refused to pay the same or any part thereof.

"V. Plaintiff would further allege that he does not know with certainty the relationship of defendant Wilbur T. Knape to the other defendant, T. T. Hines, or the nature of the said Knape's interest in the ranch in question, but the plaintiff does know that the defendant Knape is asserting a claim to the hay in question. The defendant Knape was actually present on the ranch at the time said hay was being baled and has notice of the claim of plaintiff.

"VI. Plaintiff would show the court that he is entitled to a lien against said hay to secure his debt under the constitution of the State of Texas and the statutes of the State of Texas."

continues to be a conflict in the decisions on this point. Estes v. Texas Consolidated Oils, 266 S.W.2d 272 (Tex.Civ.App., Galveston, 1954, n. w. h.); Clark, Venue in Civil Actions, section 9, page 87; Republic Nat. Bank of Dallas v. Estes, 422 S.W.2d 834 (Tex.Civ.App., Dallas, 1967, n. w. h.). Under the cited authorities, however, we hold the trial court was correct in holding venue in Henderson County.

The judgment of the trial court is affirmed.